MOLLIE BESNAR, Appellant, *v.* AMERICAN RAILWAY EXPRESS COMPANY and BERNARD NASH, Respondents.

(Supreme Court, Appellate Term, First Department, May Term — Filed June, 1921.)

Master and servant — negligence — when employer not liable for negligent act of employee acting without the scope of his employment — personal intermeddling.

> While plaintiff, the regular operator of the freight elevator in an office building, was waiting for the operator of the passenger elevator to finish his shift at one o'clock, she was told by the superintendent of the building to clean the hall, and while so engaged a collector of packages for an express company requested her to take him up in the freight elevator. While she went to obtain the superintendent's permission to do so, the package collector entered the elevator and proceeded with it to the tenth floor, and upon plaintiff's return, apparently finding the elevator in the same position, she stepped into the vacant elevator shaft and was injured. In an action against the express company, *held,* that in the circumstances the package collector's use of the elevator was not within the scope of his employment as an employee of the defendant, but constituted personal intermeddling, and an order setting aside a verdict in plaintiff's favor, as contrary to law, will be affirmed, with leave to appeal to the Appellate Division.

> Guy, J., dissenting.

APPEAL by plaintiff from an order of the City Court of the city of New York, setting aside a verdict in plaintiff's favor.

Myron Wisoff, for appellant.

Edward V. Conwell, for respondent, American Express Company.

Appellate Term, First Department, June, 1921.    [Vol. 115.

McCook, J.  Plaintiff appeals from an order setting aside the verdict of a jury in her favor on the ground that it was contrary to law.

The action was brought to recover damages for personal injuries alleged to have been sustained through the negligence of the defendant company, the defendant Nash, who was not served, being admittedly at that time in its employ.  Part of Nash's duty was to collect packages for the defendant company from the various offices in the ten-story building where the accident occurred.  Plaintiff was employed by the Revelle Realty and Security Company, the owner of the building, as the regular operator of the freight elevator.  On the day of the accident, plaintiff had been running the freight elevator all the morning, and then shut it off and was waiting until one o'clock in the afternoon, when she was to go on the passenger elevator and operate that until five o'clock.  While waiting for the operator of the passenger elevator to finish his shift at one o'clock, plaintiff was told by the superintendent of the building to clean the hall.  While she was thus engaged, the defendant Nash entered the building and requested her to take him up in the freight elevator.  She replied telling him to wait a couple of minutes while she finished the hall; she then left the work she was doing, obtained the superintendent's permission, returned to the elevator, and, finding it apparently in the same position, stepped through the door into the vacant elevator shaft and was injured.  The evidence shows that Nash, during her absence, entered the elevator and proceeded with it to the tenth floor of the building.

The plaintiff expressed herself on the stand with difficulty, but this is the substance and effect of her story.

No question of contributory negligence is presented

on this appeal, since no contention was made, either during the trial or on the motion to set aside the verdict, that the plaintiff had been guilty of contributory negligence as matter of law.

The sole question involved is whether Nash in using the elevator under the circumstances described was acting within the scope of his employment as an employee of the defendant company. In my opinion running the elevator under the conditions as they existed in this building at the time cannot fairly or reasonably be deemed an ordinary and natural incident or attribute of his employment, or a natural, direct and logical result of it. There is, and in the nature of things could be, no proof in the record that Nash was authorized by the express company to operate elevators in buildings in which he collected packages, and he could not have believed such an act to pertain to his service, which was the collection of packages. Employees of the building, including the plaintiff, were employed to operate the elevators, and at the very time Nash acted he was, following a conversation between himself and the plaintiff, waiting for her, as he had requested, to come back and carry him up. The conduct of Nash in taking this elevator without permission constituted personal intermeddling, which has not even the justification of being necessary to save him a few steps.

Order affirmed, with costs to respondents to abide the event and with leave to appellant to appeal to the Appellate Division, first department.

GUY, J. (dissenting). Plaintiff appeals from an order setting aside the verdict of a jury in her favor on the ground that it was " contrary to law."

The action was brought to recover damages for personal injuries alleged to have been sustained through

the negligence of the defendant company, the defendant Nash, who was not served, being admittedly at that time in the employ of the defendant express company. It was conceded that it was part of Nash's duties to collect packages for the defendant company from the various offices in the ten-story building where the accident occurred. Plaintiff was employed by the owner of the building as a cleaner, and it was part of her duties at times to run the freight elevator from the basement up through the building. On the morning the accident occurred, while plaintiff was engaged in cleaning, the defendant Nash entered the building and requested her to take him up in the freight elevator. She replied that she would have to ask the foreman, and immediately left her work, went in search of the foreman, obtained his permission to take Nash up in the elevator, returned to the elevator, and, finding it apparently in the same position she had left it, stepped through the door of the elevator into the vacant, elevator shaft and was injured. The evidence showed that Nash, in her absence, had entered the elevator and proceeded with it to the floors above.

No question of contributory negligence is presented on this appeal, there having been no contention either on the trial or on the motion to set aside the verdict that the plaintiff had been guilty of contributory negligence as matter of law.

The sole question involved on this appeal is whether Nash in using the elevator in the absence of the operator was acting within the scope of his employment as an employee of the defendant company. The learned trial court and my learned associates have assumed that in the absence of proof that Nash was specifically employed to run an elevator, his act in so doing was not within the scope of his employment. I think this conclusion erroneous. The

general rule is " For the acts of the servant, within the general scope of his employment, while engaged in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly or even wilfully." *Mott* v. *Consumers Ice Co.,* 73 N. Y. 543, 547, cited with approval in *Muller* v. *Hillenbrand,* 227 id. 448, 451. See, also, *Einhorn* v. *W. 67th St. Garage,* 177 N. Y. Supp. 887; *Jones* v. *Wiegand,* 119 id. 441; 134 App. Div. 644; *Wooding* v. *Thom,* 148 id. 21; *Lewis* v. *Natl. Cash Reg. Co.,* 87 Atl. Repr. 345; 84 N. J. Law, 598.

The verdict in favor of the plaintiff was supported by competent evidence and was not contrary to law. The order should, therefore, be reversed and the verdict reinstated, with costs of appeal in this court and the court below.

Order affirmed, with costs to respondents to abide event.