CHRISTOPHER BOETTCHER, Respondent, *v.* BEST & COMPANY, INC., Appellant.

First Department, December 1, 1922.

Motor vehicles — action to recover for personal injuries — defendant's motor truck which caused injury was being operated by servant of defendant contrary to express direction not to operate it — defendant not liable.

The owner of a motor truck is not liable for injuries suffered by a third person, which were caused by the motor truck, where it appears that the motor truck at the time of the accident was being operated by the chauffeur's helper whose duties were to deliver packages and to watch the motor truck and its contents

when the chauffeur was absent and who had been expressly directed by the owner never to operate the motor truck under any circumstances.

The mere fact that an injury is inflicted by a servant using the property of his master is not sufficient to impose liability upon the master.

APPEAL by the defendant, Best & Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of February, 1922, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 24th day of February, 1922, denying defendant's motion for a new trial made upon the minutes.

*Strauss, Reich & Boyer* [*Eugene D. Boyer* of counsel; *Charles Strauss* with him on the brief], for the appellant.

*Frank L. Tyson* of counsel [*Joseph Force Crater* with him on the brief], for the respondent.

PAGE, J.:

The action is to recover damages for injuries sustained by reason of the alleged negligence of one of defendant's employees. There was practically no dispute as to the facts. The defendant's electrically driven motor truck was standing near the curb on the north side of Thirty-fifth street opposite the delivery entrance to defendant's store. The chauffeur had taken packages into the building, and Philip F. Feinman, a youth of seventeen years of age, helper, was seated on the truck, having been left there to watch it. The plaintiff drove a two-horse truck into Thirty-fifth street for the purpose of delivering goods to the building adjoining the defendant's store. Owing to the congestion of the traffic, plaintiff had difficulty in getting his truck into position to make the delivery. A traffic officer ordered Feinman to move defendant's truck. Feinman told the officer that he was only a helper and was not permitted to touch the car. The officer replied, " Very well, I thought you were the chauffeur, don't touch the car." After the plaintiff had placed his truck about six feet in front of the defendant's auto truck and was removing some boxes from the rear of the truck, Feinman, intending to back the auto truck and give the plaintiff more room, threw in the switch and the auto truck moved forward, crushing the plaintiff between the two trucks. Defendant proved upon the trial that Feinman was employed only as a helper; that his duties as such were to deliver packages and to watch the car and its contents when the chauffeur was absent; that not only was it no part of his duty to drive the auto truck, but, on the contrary, he had received positive instructions at the time of his employment not to attempt to operate the car. It was also proved that defendant had posted in its building certain rules for helpers, the fourth of which read as follows: " You are cautioned against operating the

car at any time even though you are ordered to do so by an officer. You are to tell him you are not the chauffeur and cannot touch it." Feinman testified that he had seen these rules and read them. His reply to the officer when ordered to move the car showed his knowledge of this rule.

At the close of the case the defendant's counsel moved for the direction of a verdict in favor of the defendant on the ground that it affirmatively appeared that the plaintiff's injuries were caused by the negligence of the helper of the defendant, who was acting without the scope of his authority and without the scope of his employment. The motion was denied and an exception taken. The counsel also requested the court to charge the jury, " if they find that the defendant gave proper instructions to the helper, not to touch the car and that nevertheless the helper operated this car notwithstanding such instructions and the accident happened thereby, that Best & Company are not liable." The court said: " I decline to so charge. You could have taken exception to my main charge which would have answered the same purpose." Counsel replied: " I take an exception and also to the main charge." The learned court seemed to have considered that it was sufficient to prove that Feinman was an employee of the defendant to render the defendant liable for his negligence, no matter what he was employed to do, and irrespective of any instruction that may have been given him. Such, however, is not the law. The master is liable for the acts committed by the servant within the scope of his employment. When, however, the servant who is employed to do one thing does something else which he not alone is not hired to do, but has been expressly prohibited by the master from doing, no responsibility attaches to the master for acts done by the servant under such circumstances. The mere fact that the injury is inflicted by a servant using the property of his master is not sufficient. It must appear that he was employed to use that property. The foundation of liability in all the cases cited by the respondent rests upon the fact that the injurious act was committed by the servant within the scope of his employment. In the case under consideration the boy Feinman was employed to deliver packages from the car to customers, and, in the absence of the chauffeur, to guard the car and its contents from outside interference. Under no circumstances was it within the scope of his employment to operate the car. In fact he was expressly forbidden so to do even if ordered by an officer of the law. In *Rose* v. *Balfe* (223 N. Y. 481, 488) the defendant's car was in dead storage, and one Drenning, his chauffeur, without his knowledge and against his instructions, removed the car for the purpose of testing it, and because of the chauffeur's

negligence the plaintiff was injured.   In holding the defendant not liable the court said: " On the evening in question he absolutely ignored and disobeyed such direction.   The fact that defendant did not confer upon Drenning express authority to take out the car or test the same is too apparent to require discussion.   Drenning was not clothed with implied authority to remove the car from storage or test the same.   Under the circumstances of this case implied authority did not exist to authorize an act expressly prohibited.   To justify the finding in the present case that the act of Drenning on the evening in question was one in the course of his employment, would establish that a master is powerless to direct and control the conduct of his servant, to prescribe the mode and manner in which his work shall be done and to direct when, how and where his property shall be used, that the individual wish or mental operations of the servant are paramount to the express orders of the master.   We are not prepared to assent to the establishment of such proposition."   If, under such circumstances, an employer cannot be held liable, where the chauffeur was employed to operate the car, but was at the time forbidden to do so, how much less would liability attach for the act of one who was not employed to operate the car under any circumstances and was expressly prohibited from at any time operating it.   Further citation to sustain such an elementary principle of law is unnecessary.

The judgment and order should be reversed, with costs, and judgment directed for the defendant upon the merits.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs to the appellant, and judgment directed for the defendant upon the merits, with costs.