BRYAN R. DORR, Respondent, *v.* HARVEY A. WILLIS, Appellant.

*Contract — stockbrokers — action to recover for alleged failure of stockbroker to buy and sell stocks as directed.*

*Dorr* v. *Willis,* 206 App. Div. 662, affirmed.

(Argued October 15, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1923, affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover damages for the alleged failure of defendant, a stockbroker, to execute two orders of plaintiff, given on January 23, 1920, to buy 100 shares of Crucible Steel at 206¾ or less and to sell short 100 shares of General Motors at 298 or more. Plaintiff alleged that the orders actually executed by defendant were a short sale of 100 shares of Crucible Steel and a purchase of 100 shares of General Motors, or just the reverse of plaintiff's instructions.

*Arleigh Pelham* for appellant.

*Aaron H. Marx* and *Walter E. Godfrey* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

CHRISTOPHER BOETTCHER, Appellant, *v.* BEST & CO., INC., Respondent.

*Negligence — master and servant — when master not liable for result of forbidden act of employee.*

*Boettcher* v. *Best & Co., Inc.,* 203 App. Div. 574, affirmed.

(Argued October 15, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 27, 1922, reversing a judgment in favor of plaintiff entered upon a verdict and directing judgment in favor of defendant upon the merits in an action to recover for personal injuries alleged to have

been sustained by plaintiff through the negligence of employees of defendant. Plaintiff, a truckman, was crushed between the rear of his truck, which he was in the act of unloading, and defendant's automobile delivery car. Defendant's chauffeur was absent from the scene at the time of the accident. His helper, regularly employed as such by defendant, had been left in charge of the car. He had been instructed not to operate the car, even if directed to do so by a police officer, and printed regulations to that effect had been posted in defendant's place of business and called to his attention. He nevertheless attempted to operate the car in order to back it up, but became confused and ran it forward, striking plaintiff and inflicting serious injuries.

*Frank L. Tyson* and *Joseph Force Crater* for appellant.
*Eugene D. Boyer* and *Charles Strauss* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

CATHERINE L. SURPLESS, Appellant, *v.* OLIVER B. SURPLESS et al., Respondents.

*Dower — action to recover — defense of acceptance of provision under will in lieu thereof.*

*Surpless* v. *Surpless*, 206 App. Div. 717, affirmed.

(Argued October 15, 1923; decided November 20, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 18, 1923, affirming a judgment in favor of plaintiff entered upon a dismissal of the complaint by the court at a Trial Term without a jury. The action was to recover dower in addition to the provision made for plaintiff by the will of her deceased husband. The defense was that the provision so made was in lieu of dower and that plaintiff had so accepted the same.

*James Crooke McLeer* for appellant.

*Abner C. Surpless* and *George W. McKenzie* for respondents.