MATTEO ORLANDO, Appellant, *v.* PIONEER BARBER
TOWEL SUPPLY COMPANY, Respondent.

Negligence — master and servant — motor vehicles — presumption of control — mere assertion of employer that one chauffeur had no authority to ask another in his employ to operate auto-truck in his business not conclusive on question of liability — auto-truck driven by brother of chauffeur in charge — evidence from which jury might find driver was in fact employee of owner of truck — question for jury.

1. Presumption of control growing out of ownership of a motor vehicle is not as matter of law overcome by mere denial of authorized control by the owner when all the circumstances are as consistent with such control as with the lack of it.

2. While the mere fact that an injury is inflicted by an employee using the property of his master is not sufficient to impose liability upon the employer, it is also the rule that the mere assertion of the employer, an interested witness, that one chauffeur had no authority to ask another chauffeur to operate an automobile in the employer's business is not conclusive on the question of liability.

3. Where, in an action to recover for personal injuries sustained by plaintiff when struck by defendant's auto-truck while it was being taken from defendant's place of business to the garage, it appears that the car was driven, at the time of the accident, by a brother of defendant's chauffeur in charge of the car, but was being used strictly in defendant's business, and there is evidence from which a jury might find that the driver was at the time in fact one of the defendant's chauffeurs, it cannot be said as matter of law that defendant was not liable for his negligence merely because the driver was not the chauffeur in charge of the car. (*Rose* v. *Balfe*, 223 N. Y. 481; *Boettcher* v. *Best & Co.*, 203 App. Div. 574; affd., 237 N. Y. 506; *Fiocco* v. *Carver*, 234 N. Y. 219, distinguished.)

*Orlando* v. *Pioneer Barber Towel Supply Co.*, 210 App. Div. 219, judgment dismissing complaint reversed and new trial granted.

(Submitted December 19, 1924; decided January 21, 1925.)

APPEAL from a judgment, entered July 24, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Abraham M. Fisch* for appellant.   If the jury found that Thomas Foster in fact was an employee of the defendant, or that he was driving the automobile with the defendant's knowledge and consent, the fact that his brother Harry Foster had no right to delegate his power to his brother would be immaterial. (*Althorf* v. *Wolfe,* 22 N. Y. 355.)   Even assuming that the person who was driving the automobile at the time of the accident was not in the employ of the defendant, if in point of fact he was doing the defendant's work, although instructed to do so by a person who had no authority, yet the master will be deemed to be liable. (*Spencer* v. *State of New York,* 110 App. Div. 585; 187 N. Y. 484; *Elfenson* v. *Singer,* 132 App. Div. 89; *Althorf* v. *Wolfe,* 22 N. Y. 355.)

*Martin B. Faris, Francis B. Holmes* and *Julian S. Eaton* for respondent.   The automobile of defendant was not being driven by any person authorized or employed in any way to drive it, by defendant, when the accident occurred and defendant is not responsible for the negligence of the person not in its employ who volunteered to drive it. (*Esposito* v. *American Ry. Express Co.,* 182 N. Y. Supp. 97; *Rose* v. *Balfe,* 223 N. Y. 481; *Boettcher* v. *Best & Co.,* 203 App. Div. 574; 237 N. Y. 506.)

POUND, J.   This is a negligence action growing out of injuries sustained by plaintiff when, on the evening of May 4, 1921, he was struck by defendant's autocar truck while it was being taken from defendant's laundry to the garage where it was to be left for the night.   In the trial court the case was sent to the jury and plaintiff obtained a verdict. The Appellate Division reversed upon questions of law and fact and dismissed the complaint.   Plaintiff rested on the presumption of control growing out of ownership of the car.   The presumption continues until there is substantial evidence to the contrary. (*Rose* v. *Balfe,* 223 N. Y. 481.)   The question is whether as matter of law the presumption was overcome.

The car was driven at the time of the accident by Thomas Foster, a brother of Harry Foster who was admittedly defendant's chauffeur in charge of the car. Harry Foster testified that at the date of the accident he had driven the truck, brought it back to the defendant's laundry, left it there and gone home; that he was not driving the car at the time of the accident. Mr. Evans, manager of the defendant and in charge of the chauffeurs, testified that he employed Harry Foster to drive the car and gave authority to no one else to run the truck on the day of the accident. Thomas Foster testified that he came home from his work in Kennedy's shipyards and then, at his brother's request, went around to the laundry and drove the truck to the garage; that the accident occurred while he was driving the car; that he was not working for defendant at the time. On this evidence on the question of control the Appellate Division held as matter of law that the act of the driver imposed no legal liability on defendant. But Evans, the manager, did not testify that Thomas Foster was not employed by defendant as a chauffeur at the time of the accident. Thomas said on cross-examination that he had previously been employed by defendant, but could not remember when he had left its employment. This somewhat evasive denial that he was employed by the defendant at the time of the accident, coupled with the fact that he had made a statement in writing to an investigator from the office of plaintiff's attorney to the effect that he was chauffeur for the defendant when he was taking the car to the garage, tended to impeach his credibility. The car was not taken for a joy ride. It was being used strictly in the defendant's business. Thomas was at the worst doing what Harry should have done. If Thomas was at the time in fact one of defendant's chauffeurs it cannot be said as matter of law that defendant was not liable for his negligence merely because Harry was the chauffeur in charge of the car. While the mere fact that an injury

is inflicted by an employee using the property of his master is not sufficient to impose liability upon the employer (*Boettcher* v. *Best & Co., Inc.,* 203 App. Div. 574; affd., 237 N. Y. 506), it is also the rule that the mere assertion of the employer, an interested witness, that one chauffeur had no authority to ask another chauffeur to operate the car in the employer's business is not conclusive on the question of liability. The question remained whether Thomas Foster was in the employ of defendant and acting in the scope of his employment when the accident occurred. The useful presumption of control from ownership is not as matter of law overcome by a mere denial of authorized control by the owner when all the circumstances are as consistent with such control as with the lack of it.

The case is not one of a disobedient servant doing an unnecessary thing as in *Rose* v. *Balfe* (*supra*), where to impose liability it was sought to cover an apparent joy ride with the shadow of authority, nor as in *Boettcher* v. *Best & Co., Inc.* (*supra*), the car is moved by a helper, not a driver, expressly forbidden to drive. Nor is it like *Fiocco* v. *Carver* (234 N. Y. 219), a case where the remoteness of defendant's truck from the proper route indicated that the chauffeur was engaged in an unauthorized use of the car. In such cases the conditions pointed to the truthfulness of the employer's narrative and drove out the presumption of control by him. The evidence in defense was regarded as substantial because it seemed reasonable. It seems reasonable to infer that Thomas Foster's acts were the acts of defendant. At least the question was for the jury.

The Appellate Division having reversed on both the law and the facts, and dismissed the complaint, the judgment should be reversed so far as it dismisses the complaint and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, CRANE, ANDREWS and LEHMAN, JJ., concur; MCLAUGHLIN, J., absent.

Judgment accordingly.