WILLIAM DEININGER and Others, etc., Respondents, v. WILLIAM B. WARD and Others, Defendants, Impleaded with JOSEPH W. RUMBOUGH, RALPH E. PETERSON and GENERAL BAKING CORPORATION, Appellants. (Appeal No. 3.) — Order denying defendants' motion to compel service of an amended complaint, etc., modified by providing that within twenty days after service of the order herein, plaintiffs shall serve upon the attorneys for the several defendants, appellants, a statement of the various statutes of the State of Maryland, referred to in paragraphs 19, 20 and 21 of the complaint, giving the title of the acts referred to, date of passage, and such other information as may be necessary to identify the statute, and if the alleged violation of the law depends upon the provisions of some particular section or part of the statute, the plaintiffs shall so state, indicating the particular portion of the act referred to. Also by directing that the words in paragraph 23 of the complaint, " and other similar stock transactions," be stricken out as irrelevant and immaterial. As so modified the order is affirmed, without costs. Defendants' time to answer extended for twenty days after service of the statement herein required. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur. Settle order on notice.

EDWIN B. DUSENBERRY, Respondent, v. BEDROS G. TERZIAN, Appellant.— Order granting motion to amend title and complaint, and restoring the case to the calendar, reversed upon the law, on argument, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Kelly, P. J., Jaycox, Manning, Young and Lazansky, JJ., concur.

JOHN J. GRANT, Respondent, v. FRANK KNEPFER, Appellant.— Judgment of the City Court of Yonkers affirmed, with costs. No opinion. Kelly, P. J., Jaycox and Young, JJ., concur; Manning and Kapper, JJ., dissent, and vote to reverse and to dismiss the complaint, upon the ground that the negligence which caused the injury was that of one who was not intrusted by defendant with the control and operation of the car, and that defendant's driver was not acting within the scope of his employment in relinquishing the operation of the car to Goldfarb without defendant's knowledge or consent. (See *Boettcher* v. *Best & Co.*, 203 App. Div. 574; affd., 237 N. Y. 506.)

PHILIP LIPSTEIN and PHILIP GORDON, Copartners, etc., Respondents, v. ENGLISH CONSTRUCTION COMPANY, INC., and UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ.

MARTIN'S, Appellant, v. MARTIN'S DEPARTMENT STORE, INC., Respondent.— Judgment modified and directed for plaintiff so as to enjoin the defendant permanently from in any manner using the name " Martin's " or " Martin's Department Store, Inc.," or any similar name for or in conjunction with the operation of its store at the southeast corner of Fourteenth street and Sixth avenue, in the borough of Manhattan, New York city, or in conjunction with any other store owned, operated, controlled or maintained by it, with costs to the appellant. Findings of fact and conclusions of law contrary to this decision are reversed, and new findings and conclusions will be made in accordance with this decision. Kelly, P. J., Jaycox, Manning, Young and Kapper, JJ., concur. Settle order on notice.