New York Central Railroad Company, Plaintiff, *v.* The City of New York, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 27, 1927.

**Municipal corporations — torts — action to recover damages for injuries to retaining wall — street cleaner moved motor truck of third person — motor truck came in contact with retaining wall and caused damage — act of street cleaner was within scope of his employment — though act was contrary to instructions of defendant, defendant is liable.**

A street cleaner, an employee of the defendant city, moved a motor truck belonging to a third person, which was in the way of the street cleaners, and the truck came in contact with a retaining wall belonging to the plaintiff and injured the same. The act of the street cleaner was within the scope of his employment, and although it may have been contrary to instructions given by the defendant, nevertheless the defendant is liable.

Action for damages to retaining wall and fence belonging to the plaintiff.

*Alex S. Lyman* [*Lawrence R. Walton* and *Leo Manville* of counsel], for the plaintiff.

*George P. Nicholson, Corporation Counsel* [*Edward A. Gobel* of counsel], for the defendant.

Genung, J. This is an action to recover the sum of $679 from the city of New York for damages to a retaining wall and fence belonging to the plaintiff and located at the foot of West Seventy-first street, in the borough of Manhattan, city of New York. It is the claim of the defendant that the damage was caused by a temporary employee, acting without the scope of his employment and in violation of his authority.

It appears that on April 3, 1924, a wagon of the street cleaning department of the defendant, with a driver and one or more helpers, among them one Batterman, was engaged in the work

of collecting and removing ashes on the north side of West Seventy-first street. On the opposite side of West Seventy-first street was standing an auto truck, owned by one Bahr. During the absence of Bahr, Batterman mounted the auto truck and set it in motion to make room for the wagon of the street cleaning department to remove the ashes from the house in front of which the auto truck was standing. As a result of his act in releasing the auto truck, the auto truck collided with the retaining wall and fence maintained by the plaintiff along its tracks causing the damages for which this action is brought.

It further appears that the street cleaning department has published rules for the guidance of the employees of that department, one of which forbids any of its employees from touching any automobiles, trucks or apparatus of any kind, to which they have not been specifically assigned. It was the contention of the plaintiff that said rule refers merely to apparatus of the said department, and it was the contention of the defendant that said rule refers to any apparatus belonging either to the said department or to third persons. However, it would seem to be immaterial what construction is given to said rule. In either case, the act of Batterman in moving the auto truck was done for the purpose of facilitating the removal of ashes and was, therefore, within the scope of his employment although it may not have been within the scope of his authority.

The case of *Muller* v. *Hillenbrand* (227 N. Y. 448) holds that the act of the defendant's janitor was outside of both the scope of his authority and the scope of his employment. The case of *Besnar* v. *American Railway Express Ca.* (115 Misc. 515; affd., 203 App. Div. 888) seems not to be controlling, for the act causing the injury to the plaintiff was occasioned by the defendant's employee in following some personal plan or scheme of his own. In that case the employee was told by the regular operator to wait until she could obtain permission to run the elevator, its operation having been suspended. Seeking to gain for himself the advantage of a short space of time, he nevertheless entered the elevator and operated it, with the result that when the regular operator, having obtained permission, attempted to enter the elevator she fell down the elevator shaft. In the case of *Boettcher* v. *Best & Company, Inc.* (203 App. Div. 574; affd., 237 N. Y. 506), relied on by the defendant, it was held that the act of the employee was not within the scope of his employment and not within the scope of his authority.

The general rule of liability seems to be: " for the acts of the servant, within the general scope of his employment, while engaged

in his master's business, and done with a view to the furtherance of that business and the master's interest, the master will be responsible, whether the act be done negligently, wantonly, or even wilfully." (*Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543.)

In *Jones* v. *Weigand* (134 App. Div. 644), cited with approval in *Baker* v. *Allen & Arnink Auto Renting Co.* (231 N. Y. 8), MILLER, J., said: " The master is liable only for acts done by the servant in the course of his employment as such, but mere disregard of instructions or deviation from the line of his duty does not relieve the master of responsibility.   Wrongful acts are usually in violation of orders or in deviation from the strict line of duty.   The test is whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions.   If the servant for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable; but to constitute an abandonment of the service the servant must be serving his own or some other person's purposes wholly independent of his master's business."

Applying the foregoing rule to the present case, it appears that the predominant purpose of said Batterman in moving the auto truck was to facilitate the removal of ashes, and the act was, therefore, within the scope of his employment, although done with disregard of instructions and for no personal reason and to satisfy no personal whim of his own.

It follows, therefore, that plaintiff is entitled to judgment as demanded.   Ten days' stay of execution.