CITY OF BUFFALO, Plaintiff, *v.* JOSEPH THORPE, Defendant.

Supreme Court, Erie County, June 9, 1928.

**Municipal corporations — violation of parking ordinance — proof of ownership of automobile found in restricted zone raises, in civil action, presumption that owner was in possession and control of vehicle — presumption continues in absence of substantial evidence to contrary — defendant was fined for violating provision of ordinances of city of Buffalo (chap. LX, § 20, subd. 6) prohibiting parking of vehicles in restricted zone — defendant is liable in civil action prosecuted in name of city of Buffalo, under Buffalo City Charter, § 321, and City Ordinances, chap. LX, § 26 — action was not action against party charged with crime.**

Proof of ownership of an automobile found in a restricted zone raises, in a civil action, a presumption that the owner was in possession and control of the vehicle at the time it was placed there, and that presumption continues until there is substantial evidence to the contrary, and presents a *prima facie* case of liability in a civil action against such owner for damages arising from the use of such property in a manner prohibited by law.

Accordingly, defendant, against whom was imposed a penalty for violating a provision of the ordinances of the city of Buffalo (chap. LX, § 20, subd. 6), prohibiting the parking of vehicles in a restricted zone, is liable in a civil action prosecuted in the name of the city of Buffalo, under section 321 of the Buffalo City Charter, and section 26 of chapter LX of the City Ordinances of the city of Buffalo, in the absence of any evidence which would counteract the implication that defendant possessed and controlled the vehicle.

This action was not an action against a party charged with a crime.

APPEAL by the defendant from a judgment for damages for parking his automobile in a restricted zone in violation of subdivision 6 of section 20 of chapter LX of the Ordinances of the City of Buffalo.

*Casimir Partyka,* for the plaintiff.

*Mimball & Smith,* for the defendant.

HINKLEY, J. The plaintiff, City of Buffalo, by one of its police officers, served a summons upon the defendant in the above-entitled action. The action was commenced and prosecuted in the name of the City of Buffalo and not in the name of the People of the

State of New York. That act conclusively determined the character of the proceeding as a civil action and it still retains that character.

" The term ' civil action ' means any action except when prosecuted in the name of the people of the state of New York, as plaintiffs against a party charged with crime." (Gen. Const. Law, § 16-a, added by Laws of 1920, chap. 917.)

" A ' criminal action ' is prosecuted in the name of the people of the state of New York, as plaintiff, against a party charged with crime." Gen. Const. Law, § 18-a, added by Laws of 1920, chap. 917.)

Section 26 of chapter LX, City Ordinances, is in part as follows: " Any penalty specified in this section may be recovered by the city of Buffalo in a civil action; or upon conviction in a court of criminal jurisdiction a person shall be subject to the fine herein mentioned."

The record on appeal contains no copy of the summons, but indicates that a summons was issued.

Section 321 of the charter of the city of Buffalo (Local Law, in effect January 1, 1928) is as follows:

" Section 321. Ordinance; civil action.— Where a penalty may be imposed for the violation of an ordinance, the person charged may be proceeded against by civil action brought in the name of the city. If the action is brought in the city court of Buffalo, the first process shall be a summons, which summons shall be in the form and shall be issued, served and returnable as provided in article two of the act which established said court."

Upon the return day of the summons it would appear that the defendant was arraigned, for the record recites that he pleaded not guilty. The court reporter has described the plaintiff's witnesses as witnesses for the People. The trial court, at the close of the evidence, said: " My mind is made up and I am going to find you guilty and impose a fine of Five Dollars." The record, signed by the trial judge, renders the following judgment: " Defendant found guilty and a fine of Five. Dollars imposed."

The defendant, appellant, notwithstanding the language of the court, very properly treats the action as a civil action. By his notice he appeals from the judgment describing it as one for damages for violating chapter LX, section 20, subdivision 6, of the Ordinances of the City of Buffalo.

The provisions of the General Construction Law, City Charter and Ordinance of the City of Buffalo above quoted are definite. The distinction between a civil and a criminal action is clearly defined and the procedure therein indicated should be strictly followed.

The testimony of a police officer showed that on March twentieth, March twenty-sixth, April second and April seventh an automobile bearing a certain license was parked in a restricted zone. The defendant admitted ownership of the automobile, offered no evidence, and the testimony of the plaintiff's witnesses was undisputed.

The plaintiff claims and the trial court properly determined that the defendant had violated subdivision 6 of section 20 of chapter LX of the Ordinances of the City of Buffalo, which reads as follows: " No operator or driver of any vehicle, including a street car or other device, and no pedestrian, shall fail, neglect or refuse to obey the lawful order of any police officer or comply with any lawful instructions, directions or regulations, displayed upon any post, standard, sign or device installed or placed for the regulation, direction or instruction of traffic in any public street, highway, thoroughfare or other public place."

The only question which defendant, appellant, presents upon this appeal is that the violation is a personal one and must be proved against the particular party who, it is claimed, violated the ordinance. In other words, that plaintiff must establish that defendant personally placed the automobile in the restricted zone, and that no liability attaches to the owner in the absence of proof that he personally violated the ordinance.

The court is not called upon at this time and does not now pass upon the question as to whether a defendant, owner, who testifies or presents evidence that he did not violate, authorize or direct a violation of the parking ordinance, is still liable for the act of one who was using such owner's automobile by the owner's consent, express or implied.

This court now decides and its decision is limited solely to the finding and conclusion that proof of ownership of an automobile found in a restricted zone raises in a civil action a presumption that the owner was in possession and control of the vehicle at the time it was so placed, and that presumption continues until there is substantial evidence to the contrary.

This court has been unable to find an exact precedent in this State as applied to an automobile parking ordinance violation. Yet the following well-settled and clearly defined principle of law is controlling upon the question here presented.

Proof of ownership of personal property raises a presumption, not only of possession but also of control, and presents a *prima facie* case of liability in a civil action against such owner for damages arising from the use of such property.

This principle has been consistently followed in the gradual development of transportation upon and use of highways, and the

future will undoubtedly see it applied with equal force to aerial transportation.

The same presumption of possession and control has followed proof of ownership of a cow in 1897; horses in 1869; a brewery truck in 1890, and various other motor vehicles down to the present time.

" The cow being the property of the defendant, it is to be presumed that she was placed on the highway in use for his benefit and on his account." (*Gulliver* v. *Blauvelt*, 14 App. Div. 523, 525.)

" The horses had been left unhitched while the driver had gone into a store to make sale of his wares, and, becoming frightened, ran through the streets, and caused the death of Mr. Norris * * *. The ownership of personal property draws to it the possession. The owner is entitled to have and to keep possession, and no other person can justly obtain possession until some act of authority from the owner is proved. Ownership implies possession, and possession is in subordination to title. No proof was given in the present case, separating the ownership from the possession and the presumption of law is, that the wagon and horses of the defendant were in use in his service, and on his account." (*Norris* v. *Kohler*, 41 N. Y. 42, 44.)

Firm in brewery business; truck had the firm name on it; many trucks of the same kind were employed in its business; the truck was loaded with ale barrels at the time of the accident, and was engaged in delivering ale from the brewery of the firm. " Held, the evidence was sufficient to authorize a finding that the truck belonged to defendant's firm, and that the driver was in its employ when the accident happened." (*Seaman* v. *Koehler*, 122 N. Y. 646.)

" It is well settled, however, in this State, that ownership implies possession and control, and that proof of ownership of a vehicle or other property makes out a *prima facie* case against the defendant owner in an action to recover damages for injuries sustained through the negligent use of the vehicle, as it will be presumed that the owner was, either in person or through his agent, in control of the vehicle at the time of the accident." (*McCann* v. *Davison*, 145 App. Div. 522, 524.)

" It is apparently undisputed that the defendant was at one time the owner of the truck, and it was proved that his name, as owner, was painted on it at the time of the accident. This made a *prima facie* case." (*Hodgson* v. *Conklin*, 50 App. Div. 604, 605.)

" The license number of the car, coupled with evidence that the defendant held the license, was *prima facie* proof that the defendant was the owner. It was more than that; it was *prima*

*facie* proof that the custodian of the car was then engaged in the owner's service." (*Ferris* v. *Sterling*, 214 N. Y. 249, 253.)

" Plaintiff rested on the presumption of control growing out of ownership of the car. The presumption continues until there is substantial evidence to the contrary." (*Orlando* v. *Pioneer B. T. Supply Co.*, 239 N. Y. 342, 343; *Rose* v. *Balfe*, 223 id. 481.)

" The defendants gave no evidence on the trial. It was admitted that the relations of the corporations to each other were defined by written contracts. The defendants, upon notice to do so, refused to produce them. The defendants knowing the truth and omitting to speak, every inference warranted by the evidence should be indulged against them." (*Wylde* v. *Northern R. R. Co.*, 53 N. Y. 156, 163.)

" The defendant declined to be sworn in his own behalf at the trial. This refusal to testify raises the legal presumption of the truth of these facts, which must have been known to defendant, and which he failed to contradict. * * * This is in no sense a criminal proceeding, and the statutory rule of no presumption in such cases does not apply." (*Matter of Randel* [disbarment], 158 N. Y. 216, 219.)

The trial of the action herein involved was the trial of a civil action prosecuted in the name of the City of Buffalo, a municipality, and not in the name of the People of the State of New York. It was not an action against a party charged with a crime. Sufficient evidence to sustain the judgment of the lower court was presented by the plaintiff when coupled with the presumption arising in an action such as this, that ownership of personal property implies possession and control, and when further taken into consideration with the failure of the defendant to take the stand or produce evidence in his own behalf.

Judgment of the lower court affirmed, with costs.