In the Matter of BENJAMIN STRONGIN et al., Respondents. WINTHROP & E. 51ST STREET CORPORATION, Appellant.— Order directing payment of surplus funds to the mortgagees, in accordance with section 1077-c of the Civil Practice Act, modified on the facts by striking from the second ordering paragraph the figures $805.55 and $2,732.75, and substituting in place thereof the figures $705.55 and $2,632.75 respectively; and by striking from the third ordering paragraph the figure $2,732.75, and inserting in place thereof the figure $2,632.75. As thus modified, the order is affirmed, with ten dollars costs and disbursements to respondents. No opinion. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.

HEDWIG LODER et al., Respondents, v. JOSEF OSSWALD, Appellant, et al., Defendants.— In an action to recover damages for personal injuries sustained by plaintiff wife when she fell into a cellarway when the doors on the sidewalk were suddenly opened without notice, and by her husband for expenses and loss of services, judgment in favor of plaintiffs unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.

ELEANOR MOCARSKI, as Administratrix of the Estate of FRANK MOCARSKI, Deceased, Appellant, v. TRANSIT-MIX CONCRETE COMPANY, INC., Respondent.— Plaintiff appeals from a judgment dismissing the complaint on defendant's motion at the close of the case. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Defendant had a contract with the employer of decedent to furnish concrete at the new Criminal Courts Building in Manhattan. Defendant delivered the concrete at the building in a truck with a rotating drum. At the time of the accident defendant's driver had backed the truck up to a platform for the delivery of the concrete, had added water to the mixture in the drum, and had rotated the drum for some minutes to mix the ingredients in the drum. The drum was then stopped and the door in the rear of it was opened to permit some of the mixture to escape. The mixture was pronounced to be "too wet" by an engineer in charge for the city. Thereupon a cover on a manhole on top of the drum was removed by defendant's driver. Decedent got on top of the drum near the manhole and one of his coemployees started to hand him a bag of cement to pour into the manhole as a "drier". While the coemployee was standing on the back step of the truck, in some manner not explained the drum started to rotate in a counterclockwise direction, throwing decedent between the drum and a metal sign attached to the truck, inflicting injuries causing his death. There was testimony by the employees of defendant that there was a rule of the company that no one was to get on the truck except the chauffeur. There was testimony on the part of the chauffeur that he had asked decedent to get off the truck before he got hurt. Based upon this testimony, the trial court dismissed the complaint upon the theory that decedent was a trespasser. The court lacked power to determine the truth or falsity of the testimony offered by these interested witnesses. Their credibility, even though their testimony was uncontradicted, was for the jury under the peculiar facts and circumstances disclosed by this record. (*Hull* v. *Littauer*, 162 N. Y. 569; *Orlando* v. *Pioneer Barber Towel Supply Co.*, 239 N. Y. 342; *Piwowarski* v. *Cornwell*, 273 N. Y. 226.) The questions of negligence and contributory negligence were questions of fact for the jury. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur. [See *post*, p. 879.]