Per Curiam.

The action is for damages on three causes of action: (1) for assault; (2) for false imprisonment; and (3) for slander in charging the plaintiff wife with stealing certain groceries belonging to the corporate defendant.
We believe that the verdict of $20,000 against the corporate defendant and the defendant employee in favor of the plaintiff Nellie Brown, and for $2,000 against those two defendants in favor of the plaintiff Alexander Brown, the husband, was, under the circumstances of this case, so excessive that it should be set aside and a new trial ordered on that ground.
Since there must be a new trial, it is proper to rule on certain points raised in the briefs of the parties:
1. The court, over objection and exception, allowed the jury to bring in a single verdict on all three causes of action. The defendants requested separate verdicts and, under the circumstances, the court should have so directed in its charge. On a retrial of the case, if the evidence is developed in a similar manner, separate verdicts may be asked for under appropriate instructions which shall guard against duplication of damages for the same wrong.
2. The defendant employer in this case had a carefully drawn, printed manual of instructions relating to the undesirability of *306 making arrests for pilfering. Such instructions were made for the guidance of its employees holding positions similar to that of the defendant Clin. The defendant employer, under the decisions, was entitled to offer the instructions in evidence for the consideration of the jury, to be considered by them in connection with their determination as to whether, despite the specific instructions issued, the employee nevertheless acted within the scope of his employment (cf. Boettcher v. Best & Co., 203 App. Div. 574; Psota v. Long Island R. R. Co., 246 N. Y. 388, 394). “An act, although forbidden or done in a forbidden manner, may be within the scope of employment.” (Restatement, Law of Agency, § 230.)
The test of the master’s responsibility for the act of his servant is not whether such act was done according to the instructions of the master to the servant, but whether it was done within the general scope of his employment and in connection with the prosecution of the master’s business and in furtherance thereof (Cosgrove v. Ogden, 49 N. Y. 255). The employer, although a corporation, “ will not be excused from liability, although the servant abused his authority, or was reckless in the performance of his duty, or inflicted an unnecessary injury in executing his master’s orders. The master who puts the servant in a place of trust or responsibility, or commits to him the management of his business or the care of his property, is justly held responsible when the servant, through lack of judgment or discretion, or from infirmity of temper, or under the influence of passion aroused by the circumstances and the occasion, goes beyond the strict line of his duty or authority and inflicts an unjustifiable injury upon another.” (Rounds v. Delaware, Lackawanna & Western R. R. Co., 64 N. Y. 129, 134.)
Instructions of an employer, therefore, are received to show the express authority of the employee which, although not determinative, may be given such weight, if any, as may be appropriate under the circumstances of the case, in connection with the jury’s consideration as to whether the act complained of was within the general scope of employment in carrying on the employer’s business and with a view to the furtherance thereof.
The judgment should' be reversed and a new trial ordered, with costs to the appellants to abide the event.
Dore, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.