■ James Lawrence, as Administrator of the Estate of Eleanor Lawrence, Deceased, Appellant, v. James A. Walsh et al., Respondents. James Lawrence, Appellant, v. James A. Walsh et al., Respondents. James Lawrence, as Administrator of the Estate of Eleanor Lawrence, Deceased, Appellant, v. Sioban Bonitatibus, Respondent. James Lawrence, Appellant, v. Sioban Bonitatibus, Respondent.— Appeals from judgments of the Supreme Court at Trial Term in Schenectady County, entered upon verdicts of no cause of action in negligence actions. Plaintiff's intestate, Eleanor Lawrence, was seated on the front seat of an automobile operated by her daughter, the defendant Bonitatibus, which was stopped on Broadway in the City of Schenectady when an automobile operated by defendant Walsh collided with the open or partly open left front door of the Bonitatibus car. Mrs. Lawrence commenced actions to recover for her alleged personal injuries but before they were brought to trial died from causes unrelated to the accident. It is fair to say that the record would not support a finding of unavoidable accident or of contributory negligence on the part of Mrs. Lawrence or of the absence of any negligence on the part of each of the defendants. It follows that the verdicts can be sustained, if at all, only on the theory that plaintiff's intestate was not injured as a result of the accident. The evidence bearing on injuries consisted of the records of the hospital treatment of Mrs. Lawrence, which commenced one week after the accident, the transcript of Mrs. Lawrence's examination before trial and the testimony of two physicians — that of her attending physician, a general practitioner, who first examined her about 24 hours after the accident and that of a dermatologist who treated her for psoriasis before and again after the accident but did not see her after the accident until her admission to the hospital, a week later. The attending physician found, and attributed to the accident, a small hematoma of the right forehead; concussion of the brain; marked muscle spasm on movement of the neck; a traction injury to the brachial plexus evidenced by marked weakness of the left arm and shoulder with complete anesthesia of the left arm and shoulder and left side of the neck; and a flare-up of a pre-existing psoriasis. The dermatologist, who had previously treated Mrs. Lawrence for the psoriatic condition, likewise found it aggravated. The attending physician testified that a week after the accident, because of the persistence of what he termed post-concussional headaches, he caused her to be hospitalized for one week so that she might have complete bed rest. No X rays of the head were ordered then and none had been taken earlier, because, as the

doctor testified, the hematoma found "was a superficial type injury, I had no brain damage. The eyegrounds were normal on examination." The attending physician discharged Mrs. Lawrence about three months after the accident as back to normal, except for the psoriasis. At about the same time, however, the dermatologist found her virtually free from that condition. We necessarily review the facts of the accident and the events immediately subsequent to it in their relation to the injuries asserted. The impact of the collision was not excessive. Concededly, one hinge of the door of the Bonitatibus car was broken but the jury could find that the vehicle was not moved forward. There was but minimal damage to the right side of the Walsh car. There is no suggestion that either operator or a small boy standing on the seat of the Bonitatibus car sustained any injury whatsoever. Mrs. Lawrence testified that she was thrown against the right window of the car and that her left arm "must have hit" Mrs. Bonitatibus "Because the whole arm just went numb"; that she alighted from the car and told Mrs. Walsh that "I couldn't move my arm." Mrs. Walsh testified, however, that "I asked them [Mrs. Lawrence and Mrs. Bonitatibus] whether they were hurt and they said they were not hurt." The jury was entitled to accept Mrs. Walsh's statement and thereupon to discredit Mrs. Lawrence's testimony that her arm had been injured and at the time of that very conversation with Mrs. Walsh was paralyzed. Further, upon the basis of Mrs. Lawrence's pretrial testimony that she sustained no bruises, the jury might find that any hematoma, such as that to which the doctor testified, was not related to this accident. When the doctor testified to causation of the neck condition he was apparently unaware that the bill of particulars claimed but an aggravation of a neck injury sustained in a bus accident some years before and he then conceded that he did not know what condition remained from the prior accident. From the dermatologist's testimony on cross-examination, the jury was completely free to find that the exacerbation of the psoriasis did not result from the accident in issue or from any accident. We may not say, upon this record, that the jury was bound to find that plaintiff had sustained the burden of proving injuries and damages causally related to this accident. Further, we necessarily attach weight to the Trial Judge's evaluation of the case upon his determination of the motion to set aside the verdicts as against the weight of the evidence. "Having himself heard the facts developed from the witnesses and sensed the atmosphere and texture of the trial, he had the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached. * * * There is 'no standard by which to determine' when a verdict should be set aside as against the weight of evidence. The decision 'depends upon the discretion of the court' (McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66, 69)." (Mann v. Hunt, 283 App. Div. 140, 142.) A verdict such as this would not ordinarily be expected in a passenger case. Another jury might well reach a different result. But neither of these facts can warrant interference with the verdict here if we are to render more than lip service to the principle that the credibility of witnesses and the weight of the evidence are for the jury's determination. The jury was thus instructed in this case, as juries invariably are, and no sound reason appears for disturbing the resultant determination. Judgments unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.