**Seymour SAPOSNICK, Plaintiff,**

v.

**Chester MACIORKOWSKI, Defendant.**

United States District Court
S. D. New York.
July 10, 1962.

---

Louis H. Levine, New York City, for plaintiff.

Reilly & Reilly, New York City, for defendant, Harold V. McCoy, New York City, of counsel.

**FREDERICK van PELT BRYAN, District Judge.**

This is an action for personal injuries alleged to have arisen out of an automobile accident which occurred on the evening of January 31, 1959 on Delancey Street at the foot of the Williamsburg Bridge in New York City. Jurisdiction is based on diversity of citizenship (28 U.S.C. § 1332(a)).

Plaintiff claims to have suffered a so-called "whiplash" injury when his car, which was standing still at a red light, was struck in the rear by defendant's car. The case was tried to a jury which returned a verdict for defendant.

Plaintiff now moves under Rule 59, Federal Rules of Civil Procedure, 28 U.S.C., for a new trial on the ground that the verdict was against the weight of the evidence.

Saposnick the plaintiff, testified on his own behalf and called two other witnesses, Budine, a police officer, who made out the usual card used by the Police Department in reporting the accident, and Dr. Margulies, a physician, who treated him for his alleged injuries. Defendant called no witnesses and rested at the close of the plaintiff's case.

Saposnick himself was the only witness present at the scene of the accident. He testified that he was driving his car and had stopped for a red light at the foot of the Williamsburg Bridge as it ran into Delancey Street when he was struck in the rear by defendant's car.

Plaintiff claimed that the impact pushed his car forward about five feet.

After talking to the defendant he reported the accident to the traffic officer on point duty who apparently took no action, and then went to the Seventh Precinct Police Station about half a block away with the defendant. They reported the accident to the clerical officer on duty, Patrolman Budine, who made out the police report. The report briefly described the accident and stated that no injuries were reported by either party.

Patrolman Budine, who testified, had no recollection of the accident itself, but he said that the report which he had made out in accordance with his regular procedure, actually reflected what the parties had told him.

After reporting to the station house plaintiff returned to his car and went on to visit his mother. He admitted that he had no marks of the accident and that he did not think he was hurt at the time. He claimed, however, that when he got to his mother's he felt shaky and had an aching back and chest. But he did not go to see a doctor until two days later when he was recommended to Dr. Margulies by a friend who, at the same time, recommended his lawyer to him.

Dr. Margulies testified that he treated the plaintiff for some time for a whiplash injury with injections, diathermy and traction on the neck. X-rays were negative. Plaintiff claimed persistent pain in his neck and chest for several months and claimed to have visited the doctor on twenty-one occasions.

On cross-examination of plaintiff it was brought out that he had been hurt in another later accident, claiming injuries to his right side, back and chest, for which he had brought suit. The cross-examination of Dr. Margulies was searching and defendant's counsel proceeded frankly on the theory that the claim of injuries had been fabricated for purposes of the litigation. Dr. Mar-

gulies' objectivity was severely attacked and at one point in the cross-examination he made the angry and somewhat unfortunate response that "We" do not make any such claim.

Defendant, having introduced no evidence on his own behalf, went to the jury on the theory that in fact plaintiff had suffered no injuries in the accident and that the claim of injury was a result of collusion between plaintiff, his lawyer and Dr. Margulies.

The court charged that there was no contributory negligence as a matter of law and submitted the issues of negligence, proximate cause and injuries to the jury for determination. As has been previously noted, there was a defendant's verdict.

There was no serious issue during the trial or before the jury as to defendant's negligence. The only reasonable theory on which the jury could have found for the defendant was that the testimony as to plaintiff's injuries was not to be believed and that in fact plaintiff had suffered no injuries as a result of this accident.

■ The question presented by plaintiff's motion to set aside the verdict is whether under these circumstances the verdict was against the clear weight of the evidence or whether for any reason it would be a miscarriage of justice if the verdict were allowed to stand. Eastern Air Lines, Inc. v. Union Trust Co., 99 U.S.App.D.C. 205, 239 F.2d 25 (1956), cert. den. 353 U.S. 942, 77 S.Ct. 816, 1 L.Ed.2d 760 (1957); Aetna Casualty & Surety Co. v. Yeatts, 122 F.2d 350 (4 Cir. 1941).

■ It may be noted that "it is hornbook law * * * that when the verdict depends upon the credibility of witnesses the jury is free to accept or reject what they say." Rotondo v. Isthmian Steamship Co., Inc., 243 F.2d 581, 582–583 (2 Cir. 1957), cert. den. 355 U.S. 834, 78 S.Ct. 53, 2 L.Ed. 45 (1957). See also 6 Moore's Federal Practice, p. 3819 (2 ed. 1953) and cases there cited. The trial court should be slow to disturb a verdict based on a determination of a jury as to

credibility. Wade v. Lane, 189 F.Supp. 661 (D.D.C.1960).

■ Here the nature and extent of plaintiff's injuries, and whether, if they existed at all, they were caused by this accident was difficult, if not impossible, to contradict by direct testimony. There were no bruises or marks on the plaintiff and X-rays were negative. The symptoms were entirely subjective. There was credible testimony that the plaintiff had indicated that he was unhurt immediately after the accident, and, indeed, he admitted that he did not then think he was hurt. He drove off to see his mother and delayed seeing a doctor until two days later, when a friend recommended both a lawyer and the doctor to him. He admitted having been injured in a later accident.

The credibility of the doctor's testimony as well as that of the plaintiff was sharply brought into question by the cross-examination.

Under these circumstances

"No court has power to determine the truth or falsity of the evidence of * * * interested witnesses. Their credibility, even though their testimony be uncontradicted, when contradiction is impossible and its truthfulness or accuracy is open to a reasonable doubt, was exclusively for the jury. Elwood v. Western Union Tel. Co., 45 N.Y. 549, 554; Hull v. Littauer, 162 N.Y. 569, 572, 57 N.E. 102; Orlando v. Pioneer Barber Towel Supply Co., 239 N.Y. 342, 146 N.E. 621; Mattar v. Cesari, 266 N.Y. 650, 195 N.E. 365; Nee v. Sloboda, 270 N.Y. 571, 1 N.E.(2d) 335." Piwowarski v. Cornwell, 273 N.Y. 226, 229, 7 N.E.2d 111, 112 (1937).

■ Under New York law, which governs here, if a plaintiff does not sustain his burden of proving injuries and damage causally related to the accident, he has not sustained his claim and defendant is entitled to a verdict. Lawrence v. Walsh, 8 A.D.2d 917, 187 N.Y.S. 2d 71 (Sup.Ct., App.Div., 3rd Dept. 1959). See also Lynch v. City of New

**460**

York, 142 N.Y.S.2d 613 (Sup.Ct., App. Term, 1st Dept. 1955).

If the plaintiff was not injured as a result of this accident, as he claims to have been, he was not entitled to recover. The evidence raised serious questions as to whether in fact plaintiff suffered injuries in the accident. It cannot be said on this record that a jury could not have reasonably found that the plaintiff did not suffer the injuries which he claimed, or that such injuries did not result from the accident. The jury was entitled to disbelieve the plaintiff and his doctor and their determination was not against the clear weight of the evidence in the light of what occurred at the trial and of the issues of credibility which were before them for consideration. See 6 Moore's Federal Practice, supra, p. 3819. Under these circumstances the plaintiff's motion for a new trial will be denied.

It is so ordered.