# Jimmo v. Frick, Appellant.

*Negligence—Master and servant — Automobiles — Chauffeur — Chauffeur furnished by garage.*

1. In order to hold the owner of an automobile liable for the negligence of the driver it is not necessary to show the driver to have been in the general employment of the defendant, or that he was under any special engagement of service to him, or entitled to compensation from him directly. It is enough that at the time of the accident he was in charge of the defendant's property by his assent and authority, engaged in his business, and, in respect to that property and business, under his control.

2. Where, in an action against the owner of an automobile to recover damages for injuries sustained through the operation of the car while being driven by a chauffeur, the disputed question was whether the relation of master and servant existed between the owner and the chauffeur, the court properly charged the jury that such relationship existed and, that defendant was liable if the chauffeur was negligent, where it appeared that the defendant had no regular chauffeur and did not drive the car himself, but whenever he used the car procured a driver from a garage at a stipulated rate, which he paid directly to the garage on a monthly account; that the driver on each occasion was selected by the garage from among its employees; and that the accident in question occurred while the chauffeur was engaged in driving the car back to the garage after the defendant had been driven to a given destination.

Luckett v. Reighard, 248 Pa. 24, distinguished.

Argued October 19, 1916. Appeal, No. 108, Oct. T., 1916, by defendant, from judgment of C. P. Allegheny

Co., Jan. T., 1913, No. 2637, in case of Charles A. Jimmo v. W. E. Frick. Before Brown, C. J., Mestrezat, Moschzisker, Frazer and Walling, JJ.    Affirmed.

Trespass for personal injuries. Before Macfarlane, J.

The opinion of the. Supreme Court states the case.

Verdict for plaintiff for $6,500 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were the charge of the court and in refusing defendant's motion for judgment n. o. v.

*W. K. Jennings,* with him *D. .C. Jennings,* for appellant.—At the time of the accident the relation of master and servant did not exist between the defendant and the driver of the automobile which injured the plaintiff: Luckett v. Reighard, 248 Pa. 24; Firemen's Fund Insurance Co. v. Schreiber, 150 Wis. 42 (135 N. W. Repr. 496); Lotz v. Hanlan, 217 Pa. 339; Moon v. Matthews, 227 Pa. 488; Kimball v. Cushman, 103 Mass. 194; Wollaston v. Park, 47 Pa. Superior Ct. 90; Gibson v. Bessemer & Lake Erie R. R. Co., 226 Pa. 198; Bard & Wenrich v. Yohn, 26.Pa. 482; Rowand v. Germantown Trust Co., 248 Pa. 341.

*Meredith R. Marshall,* with him *Rody P. Marshall* and *E. T. Adair,* for appellee.—The court properly charged that the chauffeur was defendant's servant: Luckett v. Reighard, 248 Pa. 24; Philadelphia, Wash. & Balto. R. R. Co. v. Hahn, 22 W. N. C. 32; First Presbyterian Congregation v. Smith & Minnahan, 1'63 Pa. 561; Pender v. Raggs, 178 Pa. 337; Harrisburg v. Saylor, 87 Pa. 216; Reynolds v. Braithwaite, 131 Pa. 416.

Opinion by Mr. Justice Mestrezat, January 8, 1917:

We think that the learned court was right in holding

there was sufficient evidence to submit to the jury on the question of the chauffeur's negligence, and that the jury was fully justified in finding that his negligence caused the plaintiff's injuries.

The undisputed facts show, as stated substantially by the learned court below, that the defendant's automobile was kept at the garage of the Anderson Automobile Company under a contract between the defendant, Frick, and the company for storage at nine dollars per month, cleaning and oiling to be done and gasoline, etc., supplied when required. Frick did not have a chauffeur and did not drive the car himself, and when he wished to use it the company agreed to furnish a driver at seventy-five cents an hour, selecting any one of its employees. Payments were made for all charges on monthly statements. The drivers were paid by the company which selected the driver on each occasion when Frick required one to operate his machine. He testified that he had no authority over the drivers assigned to him except to direct them where he wished to go and when he was in the car to check them if they drove at a too high rate of speed. The accident resulting in the plaintiff's injuries happened on August 8, 1912. On that morning the company, at Frick's request, sent his car to his residence by Gannon as the chauffeur. He drove Frick and a friend, by Frick's direction, to Ambridge, then to the railroad station at Sewickley, where they alighted. Frick sent Gannon to his (Frick's) house with some robes which he left there, and after leaving the house and when Gannon was on his way to the garage the accident occurred.

The facts appeared from Frick's testimony, except what occurred after Gannon left the railroad station, and the court instructed the jury that if the plaintiff was injured through Gannon's negligence, Frick was liable.

We think the learned court reached the correct conclusion. The defendant was the owner of the car. The relation of bailor and bailee existed between him and the automobile company for the purpose of storage of the

car. It was operated by the defendant by a chauffeur. The bailee under its contract had no authority to operate the car and did not assume to do so. The company, in accordance with its contract, selected one of its employees as a driver when the defendant desired to use his car, and the latter paid, in addition to the storage, a fixed sum per hour for his services. It is true that he was not paid for his services directly by Mr. Frick, but he received his compensation indirectly from Mr. Frick through the automobile company. The situation would not have been different had the company that morning put the car in charge of a chauffeur not regularly employed by it. The defendant had a license to operate the car. The car left the garage only by direction of the defendant and when he desired to use it, and from that time it was under the control of its owner by his chauffeur who was required to obey all his orders in operating the car. He controlled the speed of the car and directed Gannon where to go from the time he left the garage until he returned the car to it. If Gannon disobeyed the defendant's orders, or for any other cause, the defendant could have discharged him from his service; or, if the defendant preferred another driver to operate the car, he could have dismissed Gannon and put the car in the charge of another chauffeur. If the automobile company selected a careless or inefficient driver, as soon as the fact was discovered the defendant not only had the right but it was his duty to dismiss him from his service. He could not discharge him from the service of the company but from his own service in operating the car on that occasion.

It is clear, we think, that, while Gannon was in the general employment of the automobile company, he was the servant of defendant as long as he had charge of and was operating the latter's car on the morning of the accident. A person may be in the employment and pay of another person and yet not necessarily make the latter the master and responsible for his acts. The master is the person in whose business he is engaged at the time,

and who has the right to control and direct his conduct: Berry's Law of Automobiles, Section 597. The relation of master and servant was created between the defendant and the chauffeur, and, as Gannon was driving the car on Frick's business at the time of the accident and was under Frick's control, the latter was responsible for the chauffeur's negligence. The principle controlling the case is well settled by many authorities, and is correctly stated in Kimball v. Cushman, 103 Mass. 194, where it is said: "It is not necessary that he should be shown to have been in the general employment of the defendant, nor that he should be under any special engagement of service to him, or entitled to compensation from him, directly. It is enough that, at the time of the accident, he was in charge of the defendant's property by his assent and authority, engaged in his business, and, in respect to that property and business, under his control."

The case is distinguished in its facts from Luckett v. Reighard, 248 Pa. 24. In that case the defendant agreed, for a stipulated sum, not only to store the owner's machine, but also to deliver it at the owner's house and take it from the house to the garage. When, therefore, the machine was being taken to the owner's house or returned from the house to the garage by the defendant's driver, his agent, the machine was under the sole control of the defendant in the discharge of his contractual obligation. In that case, it was as much the defendant's duty to deliver the automobile at the house and return it to the garage as it was his duty to keep it on storage in the garage, and while the driver of the owner of the garage was taking it to or bringing it from the house, it was on the business and under the control of the garage keeper. In that case the accident occurred when the driver was bringing the machine from the house to the garage, and it was held that the owner of the garage was liable for the injury resulting from his chauffeur's negligence.

The judgment is affirmed.