RALPH L. CHUTE *vs.* RICHARD T. MOREY.

Middlesex. December 10, 1919. — January 7, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Agency*, Existence of relation.

The owner of an automobile, who was the president of a corporation, which owned and let motor trucks and operated a garage for those purposes and for keeping its trucks in repair but not as a place "where private individuals could go and have their cars repaired," took his automobile to the garage and told one of the employees there to repair it and to "take it out and try it." The corporation's superintendent also told the employee to take the car out. The employee was paid by the corporation and neither he nor the corporation made any charge for repairing the car. While the employee was operating the car upon a public way for the purpose of trying it, he negligently ran into another automobile. *Held*, that the foregoing facts warranted a finding that at the time of the collision the employee who was operating the defendant's automobile was a servant of the defendant acting within the scope of his employment.

TORT for personal injuries received when a motor vehicle owned and operated by the plaintiff was run into by one owned by the defendant and negligently operated by one Elderkin. Writ dated October 3, 1917.

In the Superior Court the action was tried before *Sanderson*, J. There was evidence tending to show that Elderkin was employed by the Vulcan Garage Company, a corporation which operated a garage, owned and let motor trucks and a roadster, but that its garage was not one where private individuals could go and get their cars repaired. Other material evidence is described in the

opinion. At the close of the plaintiff's evidence, the defendant moved that a verdict be ordered in his favor. The motion was denied. There was a verdict for the plaintiff in the sum of $1,380; and the defendant alleged an exception.

The case was submitted on briefs.

*F. G. Katzman, J. P. Vahey & R. Clapp*, for the defendant.

*A. E. Pinanski, G. E. Morris & T. D. Smith*, for the plaintiff.

JENNEY, J. This is an action of tort to recover damages alleged to have been caused by a collision between automobiles on a public way. The trial judge submitted the case to the jury, who returned a verdict for the plaintiff. It is conceded that the only question is whether there was any evidence that the defendant's automobile at the time of the accident was operated by a person for whose negligence the defendant was responsible. The due care of the plaintiff and the negligent operation of the defendant's automobile are admitted.

There was evidence that on the day of the accident the defendant took his automobile to the place of business of the Vulcan Garage Company, where one Elderkin was employed; that he told Elderkin that there was "something wrong" with his car and that there was a "skip" in his motor, and further directed him "to take the car out." Elderkin also testified that the defendant told him "to fix it [the car]; take it out and try it." The defendant was president of the company, and it did not appear what services, if any, were performed by him in connection with the company's business. Elderkin's duty as an employee was to repair trucks belonging to the company. He testified that in addition to the instructions given by the defendant, later but before the accident, one Norman the superintendent of the company directed him to take out the car. Elderkin was paid by the company, and its garage was not one "where private individuals could go and have their cars repaired." No charge was made either by Elderkin or by the company, for any services relating to the automobile. The accident happened while Elderkin was operating the car for the purpose of trying it.

This evidence justified a finding under appropriate instructions that Elderkin did not act under his general employment, and that with his consent or acquiescence he temporarily had become the servant of the defendant. *Delory* v. *Blodgett*, 185 Mass. 126.

*Shepard* v. *Jacobs,* 204 Mass. 110.    *Generous* v. *Hosmer,* 216 Mass. 26.

It was for the jury to determine whether Elderkin acted under the instructions of the superintendent as the representative of the company, or for the defendant with the consent of the superintendent.

The case was properly submitted to the jury, and the defendant's exception must be overruled.

*So ordered.*