HERBERT I. BAKER, Respondent, v. ALLEN AND ARNINK AUTO RENTING COMPANY et al., Appellants.

**Negligence — master and servant — motor vehicles — garage keeper who contracts to run automobile for owner liable for injury to third person through negligent driving thereof by his servant — when owner may be liable — erroneous exclusion of evidence to show instructions to and duties of servant of owner who was riding in car at time of accident — erroneous charge that if servant participated in negligent driving his negligence was chargeable, as matter of law, to owner.**

1. Where a garage keeper enters into a contract with a hospital to store its automobile ambulance and furnish a driver to answer all calls it is liable for an injury to third parties due to the negligence of its servant while driving the ambulance notwithstanding the fact that the hospital directed him where to go. Unless he became the servant of the hospital or unless the hospital actively interfered with the manner of driving the ambulance it was not liable for the driver's negligence. The hospital might become liable, however, not only as his master, but also as it, by some independent negligent act or omission, became a procurer and cause of the wrongful act complained of. (*Kellogg v. Church Charity Foundation*, 203 N. Y. 191; *Potts v. Pardee*, 220 N. Y. 431; *Dowler v. Johnson*, 225 N. Y. 39, followed.)

2. Where there was evidence that a hospital orderly who accompanied the ambulance actively interfered and gave instructions to the driver as to speed and the manner of driving, it was error for the trial court to refuse to permit the hospital to show what instructions it had given the orderly in reference to the ambulance and his duties when sent out with it and to charge that, if the orderly participated in the negligent driving, his negligence as matter of law was chargeable to the hospital. It cannot be said, as matter of law, that the orderly's mere presence in the car defined his duty and indicated that he was in general control in place of his employer. The hospital is liable only for such negligent acts as were connected directly with his duty. His duty, therefore, should have been defined and the jury should have been permitted to say whether at the time of the accident he, acting in the interest and for the supposed benefit of the hospital, was negligent in his master's work or whether he had turned aside for a motive personal to himself and independent of his master's business to give directions to suit his own whim or pleasure, without regard to

the welfare of the patient or his responsibility for the prompt delivery of such patient to the hospital.

Baker v. *Homeopathic Hospital*, 190 App. Div. 39, modified.

(Argued March 9, 1921; decided March 22, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 30, 1920, affirming a judgment in favor of plaintiff entered upon a verdict.

*William E. Woollard* and *Louis J. Rezzemini* for Allen and Arnink Auto Renting Company, appellant. On undisputed testimony the driver " Mesick " was at the time of the accident in the employ of and under the sole control of the defendant hospital and the denial of the motion of defendant Allen and Arnink Auto Renting Company for a nonsuit as to it was error. (*Hartwell* v. *Simonson & Son Co.*, 218 N. Y. 345; *Schmedes* v. *Deffaa*, 153 App. Div. 822; 214 N. Y. 675; *Muldoon* v. *City Fireproofing Co.*, 134 App. Div. 453; *Howard* v. *Ludwig*, 171 N. Y. 507; *Baldwin* v. *Abraham*, 171 N. Y. 677; *Murray* v. *Dwight*, 161 N. Y. 301; *Higgins* v. *W. U. Tel. Co.*, 156 N. Y. 75; *Wyllie* v. *Palmer*, 137 N. Y. 248; *Linnehan* v. *Rollins*, 137 Mass. 125; *Callahan* v. *Munson S. S. Line*, 141 App. Div. 791.) The case of *Kellogg* v. *Church Charity Foundation* (203 N. Y. 191), relied upon by defendant hospital, is distinguishable from the case at bar. (*McNamara* v. *Leipzig*, 227 N. Y. 296; *Standard Oil Co.* v. *Anderson*, 212 U. S. 215.) The question as to the negligence of the defendant hospital was properly submitted to the jury and the verdict as against said hospital was fully warranted by the evidence. (*Dowler* v. *Johnson*, 225 N. Y. 42; *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *Baldwin* v. *Abraham*, 57 App. Div. 67; 171 N. Y. 677.)

*J. N. Carlisle* for Homeopathic Hospital, appellant. The driver of the ambulance in question was never in

the employ of the hospital as its servant and his negligence cannot be imputed to the hospital. (*Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191; *Canon* v. *Fargo*, 222 N. Y. 321; *Potts* v. *Pardee*, 220 N. Y. 431; *Lewis* v. *Long Island R. R. Co.*, 162 N. Y. 52; *Murray* v. *Dwight*, 161 N. Y. 301; *Cowell* v. *Saperston*, 149 App. Div. 380; 208 N. Y. 619; *Hopkins* v. *Empire Eng. Corp.*, 152 App. Div. 152; *Weaver* v. *Jackson*, 153 App. Div. 664; *Vasligato* v. *Yellow Pine Co.*, 158 App. Div. 551; *Hanatsek* v. *Wilson*, 161 App. Div. 635; *Adams* v. *Tozer*, 163 App. Div. 755; *Powell* v. *Vivian Co.*, 169 App. Div. 176; *Lee* v. *Cranford Co., Inc.*, 182 App. Div. 196.) If Mr. Buckley, the orderly, did give any directions as to the rate of speed of the car, and assumed to control the actions of the driver, his acts were not binding on the hospital. (20 Am. & Eng. Ency. of Law [2d ed.], 167; *Morris* v. *Brown*, 111 N. Y. 318; *Staton* v. *Mason*, 106 App. Div. 26; *Casey* v. *Davis & Turber Machine Co.*, 138 App. Div. 396; *O'Loughlin* v. *Markey*, 182 App. Div. 637.) The trial court committed error in refusing to permit the defendant hospital to show what instructions or authority, if any, were given to the orderly of the hospital, in reference to any control over the operation of the ambulance. (*Collins* v. *Butler*, 179 N. Y. 158.)

*P. C. Dugan* for respondent. There is evidence to sustain the finding of negligence against the Homeopathic Hospital. (*Hordern* v. *Salvation Army*, 199 N. Y. 233; *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 194; *Mott* v. *Consumers' Ice Co.*, 73 N. Y. 543; *Magar* v. *Hammond*, 183 N. Y. 387, 390; *Sharp* v. *Erie R. R. Co.*, 184 N. Y. 100; *Jones* v. *Weigand*, 134 App. Div. 645, 646; *Quinn* v. *Powers*, 87 N. Y. 535; *Lynch* v. *Metropolitan Elevated R. Co.*, 90 N. Y. 77, 86; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129, 134; *Fogarty* v. *Wanamaker*, 60 App. Div. 433, 436; *Barry* v. *Union Railway Company*, 105 App. Div. 520.)

POUND, J.   Homeopathic Hospital of Albany became the owner of a fine new Cadillac automobile ambulance. It made an agreement with Allen & Arnink Auto Renting Company to run it for one month, beginning November 1, 1918, for $75 a month, the auto company to store the car in its garage, furnish a driver, answer all calls, night and day, Sundays and holidays, and keep the ambulance clean and in proper running order.   On November 8, 1918, an accident occurred when the ambulance was being driven under the contract by Mesick, the driver furnished by the auto company.   He drove the ambulance recklessly into plaintiff's automobile which was standing in front of his residence, damaging it badly.   Plaintiff brought suit against the hospital and the auto company and obtained a verdict against them jointly.   Each defendant appeals, seeking to put the entire responsibility upon the other.   The evidence amply justifies a finding that the ambulance was being driven recklessly.   The question is as to the parties chargeable with such negligence.

The events leading up to the accident, as the jury might have found them, may be briefly stated.   The hospital at about seven o'clock in the evening sent a call to the garage for the ambulance.   Mesick brought it around.   A hospital orderly always accompanied the ambulance to take care of the patients.   On this occasion the orderly sent by the hospital was one Buckley.   He was told to go to West Albany.   He got on the front seat with the driver and proceeded to his destination; he got a man named Castle, a New York Central brakeman, whose instep had been injured, and put him into the ambulance to take him to the hospital.   That was his errand.   Castle was not badly hurt and did not require immediate attention.   A friend of Castle's named Judge accompanied him.   The return trip was made at an excessive rate of speed, from thirty to sixty miles an hour.   In pulling around an approaching car on Central avenue near Robin street, the ambulance tipped and struck the plaintiff's car.

The case was properly tried on the theory that if Mesick was at the time of the accident the servant of the auto company, sent out by it to drive the ambulance, the company was liable for an injury to third parties due to his negligence, notwithstanding the fact that the hospital directed him where to go; that unless he became the servant of the hospital or unless the hospital actively interfered with the manner of driving the ambulance it was not liable for Mesick's negligence; and that the hospital might become liable, not only as his master, but also as it, by some independent negligent act or omission, became a procurer and cause of the wrongful act complained of. (*Kellogg* v. *Church Charity Foundation of L. I.,* 203 N. Y. 191; *Potts* v. *Pardee,* 220 N. Y. 431; *Dowler* v. *Johnson,* 225 N. Y. 39.) . The jury found on the evidence that the relation of master and servant was not established as between the hospital and Mesick. It must also have found, in order to charge the hospital with liability, that Buckley, the orderly, directed Mesick to drive fast and to go around the car at the time the accident occurred. The learned trial judge did not permit the hospital to show what instructions it had given to Buckley in reference to the ambulance and his duties when sent out with it and charged the jury that if Buckley participated in the negligent driving of the ambulance by Mesick, his negligence as matter of law was chargeable to the hospital. .

This, we think, was error. The rule of liability in such cases is well stated by MILLER, J., in *Jones* v. *Weigand* (134 App. Div. 644, 645) as follows:

" The master is liable only for acts done by the servant in the course of his employment as such, but mere disregard of instructions or deviation from the line of his duty does not relieve the master of responsibility. Wrongful acts are usually in violation of orders or in deviation from the strict line of duty. The test is whether the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard

of instructions.   If the servant for purposes of his own departs from the line of his duty so that for the time being his acts constitute an abandonment of his service, the master is not liable; but to constitute an abandonment of the service the servant must be serving his own or some other person's purposes wholly independent of his master's business.''

Doubtless the duty of Buckley was to look after the ambulance itself; take care of the patient in the ambulance, direct its course, and give proper heed to the safety of the master's property.   It does not appear that it was his duty to drive the car or to direct the speed at which it should be driven.   A jury might say that he had deviated from his line of duty when he assumed to direct that the ambulance should be driven at an excessive rate of speed when no duty to the patient called for undue haste.   It was the duty of Mesick to drive the car and he did not depart from such duty when he discharged it negligently. But this is not, as to the hospital, a driver's case like *Jones* v. *Weigand* (*supra*) and it cannot be said as matter of law that Buckley's mere presence in the car defined his duty and indicated that he was in general control in place of his employer.   He was sent out to bring an injured man to the hospital.   The circumstances might suggest that he would have occasion to give directions to the driver, not only as to the destination and stopping places but also as to the rate of speed at which the ambulance was to be driven ( *Kellogg* v. *Church Charity Foundation of L. I.,* *supra*, p. 197), but only for such negligent acts as are connected directly with his duty is the hospital liable. His duty should, therefore, have been defined and the jury should have been permitted to say whether at the time of the accident he, acting in the interest and for the supposed benefit of the hospital, was negligent in his master's work or whether he had turned aside for a motive personal to himself and independent of his master's business to give such directions to suit his own whim or

pleasure, without regard to the welfare of the patient or his responsibility for the prompt delivery of such patient to the hospital.

A jury might also, on another trial, say that Buckley was negligent as the servant of the hospital in allowing the door of the ambulance to swing open if the open door was a contributing cause of the accident.

The judgment against the defendant Allen & Arnink Auto Renting Company should be affirmed, with costs, but the judgment against the defendant Homeopathic Hospital should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CHASE, HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HISCOCK, Ch. J., McLAUGHLIN and CRANE, JJ., vote to dismiss complaint against Homeopathic Hospital, with costs.

Judgment accordingly.