WILLIAM T. MARRON *vs.* ELLA W. BOHANNAN.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

The trial court's conclusion as to the existence of the relation of principal and agent is one of fact and must stand unless it is legally inconsistent with the subordinate facts.

In the absence of contract or custom, it is not the duty of a bailee with whom an article has been left for repairs, to redeliver it to the bailor either at his home or at his place of business.

In the present case, the defendant's car having stalled on the road, she engaged S and S, who were in the battery and electrical

business, to take it to their garage for repairs; and at five o'clock in the afternoon of the same day, she telephoned the garage, asked for the "battery man" whom she did not know and, upon being informed that her car was ready, requested him "as a special favor" to "bring the car over to the church." He had completed his day's work for S and S and, although his employers never delivered cars after their repair to their owners, and although he was not a licensed operator and was not required by the nature of his employment to drive automobiles, he complied with the defendant's request and, while so doing, negligently injured the plaintiff. The trial court concluded that he was the agent of the defendant, not of S and S, and that she was liable for his negligence. *Held* (*one judge dissenting*) that the trial court did not err.

Argued April 20th—decided May 29th, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Superior Court in Fairfield County, and tried to the court, *Jennings, J.;* judgment for the plaintiff for $1,726, and appeal by the defendant. *No error.*

*Carl Foster,* for the appellant (defendant).
*Samuel Young,* for the appellee (plaintiff).

WHEELER, C. J.   Defendant engaged Schmidt and Stack, who were in the business of general repairs connected with the electrical equipment of automobiles and batteries, to get her car, which stalled while she was driving in the city of Stamford, and repair the same.   At about five o'clock in the afternoon of the same day, defendant telephoned Schmidt and Stack asking to speak to the battery man, whom she did not know.   She inquired of him whether her car was ready, and he told her it was.   She then inquired of him, "Would you, as a special favor, bring the car over to the church," where she then was; he told her he would. Schmidt and Stack never delivered cars, after their repair, to their owners.   The battery man, Newman, was

not then a licensed driver, and the nature of his work did not require him to have a license to drive an automobile; when defendant requested him to bring her car to the church, he had ended his day's work for Schmidt and Stack and was about to leave for his home. Newman at once started to take the car to the church, as requested by defendant, and on the way negligently injured plaintiff.

The court reached the conclusion that the injuries to the plaintiff were the result of the negligence of Newman while acting as the servant and agent of defendant when driving her car. Defendant's appeal is pursued upon the single point, that Newman, at the time of the injuries to plaintiff, was the agent of Schmidt and Stack and not of the defendant. Her counsel supports her contention upon the theory that Schmidt and Stack held defendant's car under the class of bailments known as *locatio operis faciendi,* therefore it was their duty to deliver the car when repaired to defendant's home, had not the defendant consented to its delivery to her at the church, and that while the car was held under this bailment and before delivery to her, defendant was not responsible for any injury arising from the operation of the car while being delivered to her, but that the operator of the car, Newman, was at this time the agent of Schmidt and Stack. The conclusion of the trial court that Newman was the agent of the defendant was one of fact and not reviewable unless the subordinate facts are legally inconsistent with this finding. *Russo* v. *McAviney,* 96 Conn. 21, 24, 112 Atl. 657.

The claim that Newman was the agent of Schmidt and Stack is rested upon the claim of law that, under the terms of this bailment, Schmidt and Stack were in duty bound to redeliver defendant's car at her residence, and further, that upon the facts found Newman

was the agent of Schmidt and Stack and not of the defendant. Counsel relies upon *Douglass* v. *Hart,* 103 Conn. 685, 688, 131 Atl. 401, as authority for his proposition that this bailment required the bailees to redeliver at defendant's home, and hence in the substituted delivery to the church they were still engaged in fulfilling their bailment. All that *Douglass* v. *Hart* decided upon this point was that the duty of the bailee was to return the thing bailed; the same holding was made in *Wells* v. *Active Automobile Exchange, Inc.,* 99 Conn. 523, 121 Atl. 883; neither case considered the question as to where the delivery was to be made; and *Doyle* v. *Peerless Motor Car Co.,* 226 Mass. 561, 116 N. E. 257, which defendant also cites, goes no further than *Douglass* v. *Hart.* In the absence of contract or custom, the bailee is under no obligation to make delivery to the owner, at either his place of business or his residence, of the article left with him for repair. Any other rule would place upon the bailee an intolerable burden and impose a heavy overhead charge upon the conduct of this class of business. The jeweler would be required to deliver to the home of the owner, the watch left with him for repair; so, too, the repairman must make a like delivery of every automobile left with him for any kind of repair however trivial. The rule announced in *Esmay* v. *Fanning,* 9 Barb. (N. Y.) 176, that it is a general rule of all bailments that where the parties thereto "reside in the same city, the property should be returned to the bailor, at his residence, unless there is some agreement to the contrary," is without support, so far as our investigation has gone, in other cases, and, as we have indicated, would be an impractical and an unjust rule. The redelivery of the repaired automobile to the bailor living in the same city, at his residence, is not one of the obligations

which the law imposes upon the bailee. Van Zile on Bailments & Carriers, § 135.

There was no contract or custom which required Schmidt and Stack to deliver defendant's car, either at her residence or any place designated by her. These repairmen, in the conduct of their business, never made such deliveries. So far as this record shows they never authorized any of their employees to make such a delivery. Nor in the instant case did they authorize Newman to deliver the defendant's car at the church. The delivery of the car by Newman could not have been contemplated by Schmidt and Stack. He not only had no authority to act in such a matter for his employers, but did not even have a license to drive a car. He was not acting in the course of his employment, but after it was at an end, and in driving defendant's car he was not benefiting his employers but the defendant. The circumstances under which he came to act indicate that the defendant knew that he was not acting for his employers, but was doing this as a favor to her. Under these circumstances, the trial court was justified in drawing the inference of fact, from all these circumstances, that Newman was, at the time that he caused the plaintiff to suffer his injuries, the agent of the defendant and not of his employers. We certainly cannot hold that the trial court's inference as to the agency of Newman was one which the reasoning mind could not reasonably draw from the subordinate facts. To hold the trial court in error would, under our rule, require us to reach this precise conclusion.

There is no error.

In this opinion the other judges concurred, except HAINES, J., who dissented.