GERARD D. DAIGLE *vs*. DAVID D. PELLETIER.

Aroostook.    Opinion, April 8, 1943.

*Doherty & Brown,* for the plaintiff.

*James E. Mitchell,*

*Roland A. Page,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

STURGIS, C. J.   In this action to recover damages for personal injuries the trial judge granted a motion by the defend-

ant for a directed verdict and the plaintiff reserved exceptions.

The transcript of the evidence discloses that as Gerard D. Daigle, the plaintiff, an undertaker's assistant, rode along the main street of Fort Kent on the running-board of a truck, he was struck and seriously injured by ladders attached to a fire-truck owned by the town of Fort Kent which was being backed out into the street by Julian P. Landry, a repair man employed by the Fort Kent Garage. The fire-truck had been taken to the repair shop of this garage by the defendant David D. Pelletier, its driver and custodian, and delivered there to Landry the repair man to have its battery recharged.

Landry accepted delivery of the fire-truck, serviced it and when the work was finished notified Pelletier the driver it was ready to go, but at that time the repair shop was so filled with cars that the fire-truck, which with ladders on it was more than twenty feet long, could not be turned around and driven out into the street but had to be backed out the door, angled around in and then backed out through a long, narrow alley on the garage property which was the only available exit to the street. This Pelletier was unable to do and having made that known to Landry asked him to take the fire-truck out and without express authority from but with the knowledge of the shop foreman, and in accordance with a practice in this garage for employees at the request of customers to take cars out of the repair shop and through the alley to the street, Landry backed the car out. Pelletier exercised no control or supervision over Landry but, leaving the driving of the fire-truck entirely to him, went into the front of the building and made his way out to the street with the apparent intention of taking possession of the machine when it was out of the alley, and he did not arrive there until after the accident had taken place.

Although the plaintiff has received Workmen's Compensation for his injuries the insurance carrier has waived its right to pursue its remedy under the statute and this action by the

plaintiff in his own name is authorized and timely. R. S., Chap. 55, Sec. 24, as amended; *Foster* v. *Hotel Co.*, 128 Me., 50, 145. A., 400. It is against David D. Pelletier the driver of the fire-truck and his liability only is in issue. In the several counts of the declaration, regardless of their order, it is alleged that he is liable because the repair man was his servant, and if not, he failed to properly supervise and guard against accidents from the operation of the fire-truck.

The taking of the fire-truck of Fort Kent by its driver into the repair shop of the Fort Kent Garage and the acceptance of it for servicing by the repair man constituted a bailment, the contract by its express or implied terms being to charge the battery and redeliver the fire-truck on demand. *Frost* v. *Chaplin Motor Co.*, 138 Me., 274, 25 A. (2d), 225. By the weight of authority in the performance of a contract of bailment for the repair or servicing of an automobile, in the absence of the exercise of any control by the bailor, a garage proprietor and his employees engaged therein are independent contractors whose negligence is not imputable to the bailor. *Freeman* v. *Southern Life Ins. Co.*, 210 Ala., 459, 98 So., 461; *Andrews* v. *Bloom*, 181 Ark., 1061, 29 S. W. (2d), 284; *Segler* v. *Callister*, 167 Cal., 377, 139 P., 819; *Woods* v. *Bowman*, 200 Ill. App., 612; *Johnson* v. *Selindh*, 221 Ia., 378, 265 N. W., 622; *Chute* v. *Morey*, 234 Mass., 387, 125 N. E., 574; *Whalen* v. *Sheehan*, 237 Mass., 112, 129 N. E., 379; *Onafer* v. *Strout*, 116 N. J. L., 274, 183 A., 215; *Woodcock* v. *Sartle, et al.*, 146 N. Y. S., 540; *Perry* v. *Fox*, 156 N. Y. S., 369; *McCloskey* v. *Nagel*, 202 N. Y. S., 34; *Bakery Co.* v. *Smith*, 162 Tenn., 253, 36 S. W. (2d), 80; *Menger* v. *Manphrey*, 200 Wis., 485, 227 N.W., 938; 5 *Blashfield* § 2966; 7-8 *Huddy* §§ 130, 133; 42 *C. J.*, 1114. See *Flaherty* v. *Helfont*, 123 Me., 134, 122 A., 180.

An essential element of every contract of bailment of an automobile for repairs, however, is the agreement of the bailee to return the car to the bailor or his authorized representative and if the place of return is designated therein the contract is

not complete until a delivery there has been made. *Andrews* v. *Bloom,* supra; *McCloskey* v. *Nagel,* supra. If the contract does not, by its express or implied terms, fix the place of return the car must be delivered in the garage or shop where it was deposited or at some other appropriate place where it is kept for redelivery on demand and the bailee is under no obligation to make delivery of it elsewhere. *Frost* v. *Chaplin Motor Co.,* supra; *Maynard* v. *James,* 109 Conn., 365, 146 A., 614; *Marron* v. *Bohannan,* 104 Conn., 467, 133 A., 667; 6 *Am. Jur.,* 303. But the automobile must be in a proper place for return when redelivery is tendered. *Storey* on *Bailments,* § 117. Neither reason nor authority supports the view that a mere offer to return an automobile after it has been repaired or serviced effects a redelivery of it if the car is then so situated that it cannot be repossessed by the bailor and taken away by the exercise of reasonable driving ability and skill, and unless the bailor waives his rights to have a proper return, we think it is the duty of the bailee to move the car to a proper place or by other means make it ready for redelivery. Until this is done the bailor may refuse to receive the car back. In doing it the bailee is only completing the bailment and he retains his status as an independent contractor.

The undisputed facts and those which must be deemed to be true in the case at bar compel the conclusion that when the return of the Fort Kent fire-truck was tendered in the Fort Kent Garage after it had been serviced, it was not in a proper place and ready for redelivery and its removal into the street was to make the restitution required by the contract of bailment. The repair man who did this was still acting as an independent contractor. *Rankin* v. *Nash-Texas Co.,* 129 Texas, 396, 105 S. W. (2d), 195. He was not, without obligation, extending a mere accommodation or favor, and the servant of the customer as in *Andres* v. *Cox, et al.,* 223 Mo. App., 1139; *Marron* v. *Bohannan,* supra.

As to the failure of the defendant, David D. Pelletier, to supervise the backing out of the fire-truck or guard against

accidents from that operation it need only be said that apparently the repair man with whom the bailment contract was made was a competent driver who the contractee had a right to assume would exercise reasonable skill and care in completing delivery of the car. This not being an inherently dangerous or unlawful undertaking, the contractee was not bound to supervise it or guard against accidents which might result only from the unlawful or negligent acts of the independent contractor. *Boardman* v. *Creighton,* 95 Me., 154, 49 A., 663; *Davis* v. *Whiting & Son Co.,* 201 Mass., 91, 87 N. E., 199; *Press* v. *Penney,* 242 Mo., 98, 145 S. W., 458; 27 *Am. Jur.,* 513 *et seq; Annotation* 18 A. L. R., 811. This rule applies to an agent, which on this record the defendant may have been, who within the scope of his authority employs an independent contractor for his principal. *Weaver* v. *Foundation Co.,* 310 Pa., 310, 165 A., 381.

Inasmuch as others not made parties might be prejudiced in their rights or liabilities growing out of this bailment we have not decided questions which are not of controlling importance in this case. For the reasons which have been stated a verdict for the plaintiff, if it had been returned in the court below, could not have been sustained and it was the duty of the trial judge to direct a verdict for the defendant. *Ward* v. *Power & Light Co.,* 134 Me., 430, 187 A., 527; *Day* v. *B. & M. Railroad,* 97 Me., 528, 55 A., 420. The exception reserved to that ruling cannot be sustained.

*Exception overruled.*