## GATZ v. SMITH.

### No. 11922.

Court of Civil Appeals of Texas. Galveston.

Nov. 6, 1947.

Rehearing Denied Nov. 20, 1947.

H. A. Crawford, Albert P. Jones, and Helm & Jones, all of Houston, for appellant.

Fulbright, Crooker, Freeman & Bates, of Houston, for appellee.

CODY, Justice.

This was an action by appellant for damages sustained when he was struck by an automobile belonging to appellee, which was driven by Bennie Winston, who was in the general employment of a Mr. Grissom who conducted an automobile repairing business in Houston under the name of "A & B Garage." The defendants were appellee, and the aforesaid Grissom, doing business as A & B Garage, and Bennie Winston. Appellant alleged, in alternatives, that in driving the automobile on the occasion in question Bennie Winston was the agent of: (1) Appellee; (2) appellee and Grissom, jointly; (3) Grissom.

At the conclusion of appellant's (plaintiff's) evidence, both appellee and Mr. Grissom severally moved for a directed verdict. the court granted appellee's motion, but refused Grissom's. Appellant thereupon dismissed as to Mr. Grissom and Bennie Winston. The court then directed a verdict for appellee, and rendered a take-nothing judgment against appellant. Appellant predicates his appeal upon a single point, as follows:

Point: "The trial court erred in sustaining the motion—for instructed verdict because the evidence raised a fact question· as to whether Bennie Winston was acting as (appellee's) agent on the occasion of the accident of May 26, 1945, * * *."

The evidence bearing on whether Bennie Winston was driving as servant of appellee

when the accident occurred must be considered in the light most favorable to appellant's contention. The version of the facts most favorable to appellant is:

That Mr. Grissom, doing business as A & B Garage, was the proprietor of an automobile repair shop in Houston. That he had eighteen employees, including two Negro porters, one of whom was the said Bennie Winston. Ordinarily, "porter work" consisted of washing and greasing cars, cleaning up the premises, and driving a pick-up truck to get parts. On May 25, 1945, appellee left his automobile at the A & B Garage to be repaired. The following day was Saturday, and on Saturdays the A & B Garage closed at 1:00 p. m. About noon on Saturday appellee, whose office was in the Esperson Building, phoned to see if the car was ready for delivery. Appellee then told Grissom that he was going to be detained at his office until after 1:00 p. m., and requested that delivery of his car be made at the Esperson Garage. This Grissom agreed to do. He accordingly ordered Winston to deliver appellee's car at the Esperson Garage. While Winston was engaged in obeying Grissom's orders, he struck appellant with appellee's car.

That on occasions, when customers requested it, the A & B Garage would deliver cars, which had been repaired there, at places other than said Garage, if there was help available. But such service was gratis—done as a matter of courtesy or accommodation; to use a homely expression or colloquialism, such service was rendered as "lagniappe."

It is the position of appellant in this case: That where a repairman is under no legal obligation to deliver a repaired car (other than at his shop), but does agree, as a favor, after the repairs have been made, to deliver the car at a place designated by the customer, and pursuant to such agreement orders one of his employees (i. e., a workman in the repairman's general employment), to make such delivery, that said employee becomes the particular servant of the customer in making such delivery, and the customer is liable

for said employee's actionable negligence. As supporting such position, either directly or impliedly, appellant cites the following cases, of which the first two are by Texas Courts: Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195; Main Street Garage v. Eganhouse Optical Co., Tex.Civ. App., 223 S.W. 316; Marron v. Bohannan, 104 Conn. 467, 133 A. 667, 46 A.L.R. 838; Janik v. Ford Motor Co., 180 Mich. 557, 147 N.W. 510, 52 L.R.A.,N.S., 294, Ann.Cas. 1916A, 669; Baker v. Allen & Arnink Auto Renting Co., etc., 190 App.Div. 39, 179 N.Y.S. 675, modified on other grounds, 231 N.Y. 8, 131 N.E. 551; Jimmo v. Frick, 255 Pa. 353, 99 A. 1005; Manhattan Fire, etc., Ins. Co. v. Grand Central, etc., 54 Nev. 147, 9 P.2d 682, 683; Holloway v. Schield, 294 Mo. 512, 243 S.W. 163; Andres v. Cox, 223 Mo.App. 1139, 23 S.W.2d 1066.

### Opinion.

We consider appellant's position, stated above, untenable. This case merely involves the proper application of the rule "respondeat superior." The proper application of that simple rule can be more profitably discussed at the level of elementary law than by reviewing cases which have made such application. So no purpose would be served in reviewing the cases, supra, cited by appellant. The rule of "respondeat superior" simply provides that where one acts through the agency of another, then, in legal contemplation, he is himself acting so as to make him responsible for the acts of his agent.

As indicated above, the A & B Garage was an automobile repair shop, and Mr. Grissom was its proprietor. For convenience he will hereafter be referred to as the repairman. It is no doubt true, as appellant insists, that the repairman received possession of appellee's car as bailee to repair it. It is further true that, for the purpose of this appeal, there was no obligation on the bailee (repairman), either by contract or local custom, by which the repairman was required to deliver appellee's car at any place except the repair shop. However, the repairman had a perfect right, if he saw fit so to do, to

agree to return the automobile to appellee at the Esperson Garage, and without making any charge for such service.

■ From and after the agreement between the repairman and appellee to the effect that the car should be returned to the Esperson Garage, the possession of the car was retained by the repairman in order to deliver same at the Esperson Garage. This the repairman might have done in person, had he seen fit. But instead, he ordered his porter to make such delivery. In the course of obeying the repairman's order to make such delivery his porter struck appellant with appellee's automobile. We need not determine whether, strictly speaking, the repairman's contract of bailment to repair the automobile had been completed before he ordered his porter to make delivery at the Esperson Garage. Because, in any event, he retained possession of his customer's (appellee's) car for the purpose of delivering it at the Esperson Garage. It is self-evident that, had the repairman in person undertaken to make delivery at the Esperson Garage and in the course of so doing had struck appellant with the car, there would be no basis for holding appellee liable for the repairman's negligence. It is equally manifest that appellee cannot be held liable for the negligence of the repairman's porter, committed in the course of the porter's carrying out the repairman's order. In a word, the evidence shows that the possession of the automobile had not been delivered to appellee at the time the repairman's porter struck appellant with the automobile. That is to say, the possession of the automobile by the porter was the possession of his employer, the repairman; and the porter was obeying his employer's order to deliver possession to appellee at the time the car struck appellant. Since, in legal contemplation the possession of the porter was the possession of the repairman, appellee, who was the repairman's customer, could not be held liable for the act of the porter in striking appellant with the car. The fact that the delivery was a service for the benefit of appellee is without significance. Every service rendered by a repairman for his customer is for the benefit of the customer, whether charged for or not. The test is not whether the service was charged for. The test is whether the service was done under the orders or authority of the repairman. If it was, the acts of the employee, done in obedience to the orders of his employer, are the acts of the employer—not of his customer.

Judgment is affirmed.

Affirmed.