## FRYE et al. v. SINCLAIR OIL & GAS CO.
### No. 15347.

Court of Civil Appeals of Texas.
Fort Worth.
May 9, 1952.

Rehearing Denied June 6, 1952.

John F. Studer, of Pampa, Gano & Gano and John T. Gano, both of Dallas, for appellants.

Crowley, Hudson & Keltner, of Fort Worth, for appellee.

HALL, Chief Justice.

This suit was instituted in a district court of Tarrant County, Texas, by appellants, Clyde E. Frye et ux. and as administrator of the estate of James Douglas Frye, deceased; Mrs. Irene Swart, individually and as administratrix of the estate of Leonard Weldon Simpson, deceased, joined pro forma by her husband; and Louis W. Simpson, against appellee, Sinclair Oil and Gas Company.

The suit is based on a collision occurring between an automobile driven by Mrs. Frye and a truck owned by appellee, Sinclair Oil and Gas Company, in which collision two children were killed and Mrs. Frye was seriously injured.

The Commercial Insurance Company intervened, basing its claim for recoupment of payment made by it for damages to the automobile of Mr. Frye.

When the testimony was closed, the trial court directed a verdict for appellee, hence this appeal by the plaintiffs, appellants herein.

Appellants have narrowed the issue of this appeal to one point, that is, was the driver of the truck an agent of appellee and acting in the scope of his employment at the time and place in question.

██ While passing upon the question as to whether the court erred in directing a verdict, we will view the evidence along with all legal inferences drawn therefrom in the most favorable light against such instructed verdict. It is fundamental that an instructed verdict would be erroneous if there was any evidence adduced of probative force which would justify a finding for appellants on the ultimate issue determining appellee's legal liability for the injuries sustained by said appellants.

Facts in the instant case are substantially as follows: On or about February 11, 1950, date of the accident, appellee owned a place of business located a few miles outside of the City of Pampa in Gray County, Texas, where it stored several trucks when not in use over the week-end in a locked building. Appellee had employed one V. N. Osborn, who ran a filling station in the City of Pampa, to wash and grease these trucks during the week-end while said trucks were not in use; Osborn had in his employ one Zeb Land; that said Osborn and his employees carried their own key to this barn so they could drive the trucks to his place of business, wash, grease and return them;

that the remuneration to be paid by appellee to Osborn was a stated amount per truck. On the day in question, Zeb Land was returning one of the trucks to the barn of appellee, but before he reached his destination the collision occurred between said truck driven by him and the automobile driven by Mrs. Frye.

The testimony, in our opinion, fails to raise an issue of fact as to whether the filling station owner or his employees were the agent of appellee. The facts establish only the relationship of an independent contractor and employer. The testimony clearly shows that the services rendered were from an independent occupation and that the will of the employer (appellee herein) is represented only as to the result of the work done and not as to the means by which it is carried out, or the details involved in its performance. 23 Tex.Jur., p. 542, sec. 3. There is no showing that appellee exercised any control over the work to be done by Osborn and his employees or that they were under the immediate direction of appellee. As we view the testimony it merely shows that appellee employed Osborn and his employees as an independent contractor to wash and grease its trucks over the week-end for a stated amount, during which time it did not have truck drivers available to deliver said trucks to the respective places of business.

The basic rule covering such a situation is that an employer is not responsible for the negligent act or omission of an independent contractor, his sub-contractors or servants, committed in the prosecution of work that is not in itself unlawful or attended with danger to others. 23 Tex.Jur., p. 558, sec. 15. There is nothing in the record which would involve an exception to this general rule.

Appellants rely principally upon the holding in the case of Rankin v. Nash-Texas Co., Com.App., 129 Tex. 396, 105 S.W.2d 195, which they say reflects an inference in cases of this kind that if the employee of a garage owner is rendering services merely as a favor to the garage owner's customer, then in that event the negligence of said garage employee would be imputed to the customer. The testimony in the case before this court is to the effect that delivery of the motor vehicle was part of the transaction of hire, even though there is some testimony to the effect that there was no additional charge made for such delivery. We therefore cannot say that the delivery is merely an accommodation and apart from the contract. We think it was a part of the contract.

In the case relied on by appellee, Gatz v. Smith, Tex.Civ.App., 205 S.W.2d 616, 618, writ refused, the court there said: "* * * The test is not whether the service was charged for. The test is whether the service was done under the orders or authority of the repairman. If it was, the acts of the employee, done in obedience to the orders of his employer, are the acts of the employer—not of his customer."

Finding the trial court did not err in sustaining appellee's motion for an instructed verdict, its judgment is affirmed.