A. J. RASMUSSEN & SONS, Inc. et al. v.
PETERS.

No. 12446.

Court of Civil Appeals of Texas. Galveston.

Oct. 16, 1952.

Rehearings Refused Dec. 11, 1952.

Wigley, McLeod, Mills & Shirley and V. W. McLeod, of Houston, for appellant Hudson-Union Cab Co.

Levy & Levy and Adrian F. Levy, Jr., of Galveston, for appellant A. J. Rasmussen & Sons, Inc.

Kleinecke, Nussbaum & Piperi, Markwell & Stubbs and Russel H. Markwell, of Galveston, for appellee.

GRAVES, Justice.

Gertrude Peters, a feme sole, brought suit against A. J. Rasmussen & Sons, Inc., called "Rasmussen" for short, and Hudson Union Cab Co., likewise called "Hudson," for personal injuries, which she allegedly received, due to the negligence of employees of both defendants, when a taxicab belonging to defendant Hudson, and in which plaintiff was riding, and an automobile being driven by an employee of defendant, Rasmussen, violently collided at the intersection of 11th Street and Avenue "C", in Galveston, Texas.

Upon a verdict on special issues for plaintiff a joint and several judgment for her against both defendants was entered for $8,958.63, ordering 50% contribution thereto by each defendant.

Defendants' respective motions for new trial having been overruled, appeals have been perfected by each of them as appellants here.

Appellant Hudson originally presented in this Court some five points of error, complaining of alleged jury misconduct upon the trial, of the refusal of its motions for instructed verdict, of the refusal of its request for judgment non obstante veredicto, that the jury's verdict against it was contrary to the great and overwhelming preponderance of the evidence, and that the trial court had erred in not allowing it full indemnity over and against Rasmussen.

Rasmussen, in turn, presented in its own behalf some five points of error, complaining, in brief summary, of the admission of specified portions of testimony received, of an improper and inflammatory jury argument on the part of one of Hudson's counsel to the jury, of the trial court's failure to give several specified instructions, as well as special issues, to the jury, it asked for, and of the refusal of three special issues it requested for the jury, touching the handling of it—antecedent to the collision—by Hemingway, the driver of the Ford sedan that collided with the taxi, in which the appellee was riding—especially whether or not he had negligently failed to apply his brakes in time to prevent his sedan from striking the taxicab, and whether or not his acts—in any such respects—constituted a proximate cause of the collision.

After a careful review of the questions so severally presented by the appellants, in the light of the briefs presented by all three parties to the unfortunate collision, as well as able oral arguments from them; each and all, upon the original submission here, it is determined that no reversible error has been pointed out. Indeed, the appellant Hudson, in its supplemental brief filed in this Court, expressly adopts these four counter-points, as presented to this Court by the appellee, supplementing the third one, however, as below indicated, to-wit:

"Third Counter-Point

"The Court did not err in admitting the testimony of John W. Davidson, to the effect that Liberty Fish Market did not pay for the repairs to the Ford automobile driven by Hemingway, since such evidence tended to disprove that Hemingway was the servant of Liberty Fish Market, thereby tending to prove that he was the servant of Rasmussen.

"Fourth Counter-Point

"The Court correctly refused to have the remarks of V. M. McLeod, Esq., stricken from the record, as such remarks were proper comments upon the evidence.

"Fifth Counter-Point

"The Court did not err in submitting Special Issue A to the jury, while refusing to submit appellant Rasmussen's Requested Special Issues Nos. 1 through 3, or in the alternative, Issues Nos. 4 and 5, with explanatory instructions, as there was no evidence, or, at least, there was insufficient evidence, to warrant the submission of such issues with explanations; or, under the fact situation of this case, such special issues and explanations were improper.

"Sixth Counter-Point

"The Court did not err in overruling Rasmussen's objections to Special Issues 8, 9, and 10, since the uncontroverted evidence shows that the Ford struck the taxicab, in which the plaintiff was riding."

The appellant Rasmussen likewise filed a supplemental brief herein prior to the filing of that of the same character so filed by the appellant Hudson. Added to these two supplements, as filed here by the appellants, the appellee in turn filed her supplementary brief subsequent to the submission of the cause to this Court on its merits on July 10th of 1952.

These several supplementary pleadings here, in the opinion of this Court, make clear the soundness of its above-stated conclusion that no reversible error in the judgment rendered by the trial court has been pointed out.

The appellant Rasmussen, in its stated supplemental brief, presents this single point of error:

"The Court did not err in not allowing appellant Hudson Cab indemnity over against appellant Rasmussen, and if there is no reversible error as to appellant Rasmussen, the judgment is correct."

Indeed, as the appellee's stated supplement to her oral argument before this Court points out, the evidence was practically undisputed to the effect that Rasmussen's driver and agent, Hemingway, was not only such agent, but was, as such,

guilty of the acts of negligence the jury found against him.

■ Neither was there sustainable assignment from either appellant of any jury misconduct upon the trial below; indeed, the authorities, that appellants cited in support of their original briefs upon that subject, have become inapplicable, in that they were rendered prior to the effective date of present Rule 327, Texas Rules of Civil Procedure, under which an appellant now has the burden of proving misconduct, and also of showing that it probably resulted in injury to him, by a preponderance of the evidence. See Watson v. Texas Indemnity Ins. Co., 147 Tex. 40, 210 S.W.2d 989.

■ Since, as is here found, that the overwhelming preponderance of the evidence, if not indeed the undisputed evidence, as indicated supra, showed that Hemingway was Rasmussen's employee, the rule of law these authorities announce applies. See this Court's opinion in Gatz v. Smith, Tex.Civ.App., 205 S.W.2d 616, writ of error refused; Frye v. Sinclair Oil & Gas Co., Tex.Civ.App., 249 S.W.2d 102.

■ Wherefore, since this Court holds there was no reversible error shown as to either appellant, the judgment so rendered against both, in its entirety, must be affirmed. See Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563, at page 565.

Affirmed.